OLE OLSON, Appellant, v. THE HANFORD PRODUCE COM-
PANY.

**Negligence of Master:** JURY QUESTION. The owner of a building
maintained a platform elevator in its building. Two sides
were uninclosed, and between two of the floors an iron girder
extended into the elevator shaft in close propinquity to the ele-
vator platform, when it was on a level with the girder. The
elevator shaft was dark, so that the protruding girder could
not be readily seen, and plaintiff, in the course of his employ-
ment, while taking a truck load of goods up on the elevator,
came in contact with the iron girder and was injured. Defend-
ant did not warn plaintiff of the existence of the girder, or of
the danger therefrom. *Held*, that the question whether or not
defendant was guilty of negligence was one for the jury.

CONTRIBUTORY NEGLIGENCE: *Jury question.* Plaintiff while employed
by defendant, and while engaged in his duties under such em-
ployment in taking merchandise from one floor of defendant's
building to another on an open platform elevator, stood on
such elevator so that his heel and foot extended over the side
of the platform, and was injured by coming into contact with
an iron girder which extended from a wall near the elevator
to a point in close propinquity to the platform when it passed
such girder. Plaintiff did not know of the presence of the girder,
and the elevator shaft was dark, so that the presence of such
girder could not be readily ascertained, and defendant had never
warned plaintiff of its presence, and of the danger therefrom.
At the time of the accident, plaintiff's mind was distracted by
the necessity of attending to the big truck load of merchandise
he had on the elevator, to prevent its falling off. *Held*, that it
could not be said as a matter of law that plaintiff was guilty
of contributory negligence, but such question should have been
submitted to the jury.

ASSUMING RISK OF EMPLOYMENT: *Jury question.* Since plaintiff had
the right to assume that defendant would furnish him a safe
place in which to work, and would inform him of any danger,
it cannot be said as a matter of law that plaintiff assumed the
risk as incident to his employment.

*Appeal from Woodbury District Court.*—HON. GEORGE W.
WAKEFIELD, Judge.

SATURDAY, MAY 12, 1900.

ACTION at law to recover damages for injuries sustained by plaintiff in operating a frieght elevator in a building belonging to defendant. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Reversed.*

*Jepson & Jepson* and *Argo & Middlekauff* for appellant.

*Wright, Call & Hubbard* for appellee.

DEEMER, J.—The material allegations of the petition are as follows: Defendant is engaged in the business of keeping and operating a large cold-storage warehouse in the city of Sioux City, and in the building operates a freight elevator, for the purpose of conveying goods from one room to another. The elevator is called a "platform elevator," and plaintiff charges that at the time of the accident it was unsafe and dangerous by reason of the north and south sides of the shaft being uninclosed and unprotected; that there was no light near to the elevator, and that by reason of its location it was so dark in and about the appliance that it could not be used with safety; that it was located south of a partition wall running east and west through the building, and that between the first and second floors of said partition wall there was a heavy sill or girder projecting out several inches from the wall, and that there was nothing on the north side of the elevator to prevent persons operating the same from coming in contact with the aforesaid girder or sill; that plaintiff, while in the employ of defendant, and under its orders and directions, attempted to use the elevator to convey from one floor to another a truck on which was closely and heavily packed a large amount of freight consisting of merchandise and boxes, and while moving the said elevator from the lower to

the upper floor, and being busied in keeping the freight from slipping off the truck, and not knowing or being informed of the dangerous condition of the elevator, or knowing of aforesaid sill or girder, and it being dark and unlighted in and about the elevator, plaintiff, without negligence or carelessness on his part, stepped on the platform with his foot and heel extending and projecting over and out from the edge of the platform of the elevator; and while the elevator was passing from the first floor upward his foot was caught between the platform and the sill or girder, causing the injuries of which he complains. The negligence complained of is defendant's failure to guard or protect the elevator, the projecting sill or girder, the want of sufficient light, and defendant's failure to warn him of the danger. The demurrer is on the grounds: *First,* that the petition fails to show negligence; *second,* that plaintiff assumed the risk; *third,* contributory negligence on the part of plaintiff. As a general rule negligence is a question for the jury. When the facts are not in dispute, however, the question may, in some cases, be of law; but where reasonable men may honestly differ as to the effect of conceded facts, or when a finding of negligence by a jury from conceded facts would not be without support, the question is one for the jury, and the court cannot say as a matter of law there is no negligence. Applying these rules to the facts stated, and it seems to us the question of negligence in leaving the sill or girder projecting from the partition wall so near the elevator as is claimed, without a guard or protection, was peculiarly one for a jury. Had the jury found that the defendant was negligent in the construction of the elevator, then the question of assumption of risk was also a fact to be found by that tribunal authorized to make such findings. It was the defendant's duty to furnish plaintiff a reasonably safe place in which to work. It was also its duty to inform plaintiff of the dangers known to it, and that could not readily be seen by ordinary observation.

Now, the petition charges that plaintiff was not informed of the danger, and sets forth facts with reference to the absence of light from which it sufficiently appears that the danger was not open to ordinary observation. Plaintiff had a right to assume that defendant would do its duty, would furnish him with a safe place and ordinarily safe appliances, and that it would inform him of any latent hidden dangers, and he was not obliged to hunt for possible dangers. If the allegations of the petition are true, a jury would be warranted in finding that plaintiff did not assume the risk. Plaintiff's contributory negligence is a question of more doubt, although the same rules apply to this as to the question of defendant's negligence. If reasonable men might fairly reach different conclusions on this issue, the question is one of fact for the jury, although the evidence is undisputed. Plaintiff was directed to do the very work he was doing, and ordinarily it would be sufficient to charge that the injury he received was without fault or negligence on his part. Here he has set forth the fact that his heel and foot extended over the platform of the elevator, and was caught between it and the sill or girder; that he did not know of the danger; and that at the time his mind was distracted by the goods that were loaded on the truck. Ordinarily, it is dangerous for one to permit his foot to extend over an elevator platform, and, had plaintiff been injured by the floor through which the elevator was required to pass, it is likely that his own negligence would be such that he could not recover. However, this might depend somewhat on the light, and somewhat on the construction of the elevator, and the purpose for which it was used. From the allegations of the petition it appears, however, that there was a partition wall that in itself offered no danger. If that wall had continued to the second floor without projection, as plaintiff says he thought it did, there would have been no danger to the protruding foot. Instead

of this being the condition of affairs, the defendant allowed a sill or girder to project from the wall, and so close to the elevator platform, when passing it, that a jury may have found it dangerous. Of this danger plaintiff says he had no notice or knowledge. Under this state of facts it seems to us that the question of contributory negligence was one of fact for the jury, and that a court should not say, as a matter of law, that plaintiff, by his own negligence, contributed to the injury. The facts in *Hoehmann v. Engraving Co.* (Com. Pl.), 23 N. Y. Supp. 787, are so dissimilar that the case cannot be considered an authority. There plaintiff was aware of his surroundings, and could see all parts of the elevator. He had no duty to perform about the elevator, and chose to ride on it rather than to walk to the next floor, where duty called. It was a freight elevator, and was not intended for passengers. Here plaintiff had no knowledge of the condition of affairs, and could not see for want of light. Plaintiff was also engaged in the performance of his duties, under the orders and directions of his employer. By reason of this fact a duty devolved upon the master not found in the New York case. We think the demurrer should have been overruled. As sustaining our conclusions, see *Hopkinson v. Knapp & Spalding Co.*, 92 Iowa, 332; *Stomme v. Produce Co.*, 108 Iowa, 137; *Connors v. Morton*, 160 Mass. 333 (35 N. E. Rep. 860); *Hackett v. Manufacturing Co.*, 101 Mass. 101; *McGonigle v. Kane*, 20 Colo. Sup. 292 (38 Pac. Rep. 367). —REVERSED.