BAUSERT v. THOMPSON–STARRETT CO.

(Supreme Court, Appellate Division, Second Department.    May 1, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE.

One constructing a building summoned an employé there, who going down the stairs of the basement, called for the foreman, who told him to come to where he was, in attempting to do which he fell into a large pit prepared for the elevator shaft. Held, that the building being in

the course of construction, and the floor and apparatus disposed accord.
ing to the master's convenience for construction, the only obligation the
master owed the servant was to so light the place that the servant, in the
careful exercise of his senses, would observe where the danger lay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
ant, §§ 179, 205.]

2. SAME—EVIDENCE—QUESTION FOR JURY.

Whether a master constructing a building had performed his duty in
the matter of lighting to a servant directed to go into the basement, where
he fell into a pit prepared for the elevator shaft, is for the jury, the evi-
dence being conflicting as to whether, and how much, it was lighted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
an, §§ 1000–1050.]

3. SAME—RELATION OF MASTER AND SERVANT.

One constructing a building who summons a person to do work on it
owes the same duty to him, as respects the lighting of the basement to
disclose dangers, that he would had he already hired him, where such
person reports at the building, goes into the basement to find the fore-
man, and in following his direction to come where he is falls into a hole.

Appeal from Trial Term, Kings County.

Action by Charles Bausert against the Thompson-Starrett Company.
From a judgment dismissing the complaint, and from an order deny-
ing a motion for new trial, plaintiff appeals. Reversed, and new trial
granted.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and
MILLER, JJ.

Clifford C. Roberts, for appellant.
John C. Robinson, for respondent.

HOOKER, J. In this action for negligence, servant against master,
the complaint was dismissed at the close of the plaintiff's case. The
plaintiff has appealed.

The defendant was constructing a large building, which was at the
time of the accident uncompleted. One of its foremen sent to the plain-
tiff, who was an electrician, a postal card, as follows:

"Report at once with tools Ferry & Cliff St. N. Y.
"Yours in a rush, Geo. Schleicher, T. S. Co.
"Rush. Will hold as long as possible Geo."

The plaintiff went to the building, and asked for the electrical fore-
man, and was directed into the basement. He went down the stairway
and testifies that it was unlighted, and dark; that he called out to the
foreman, and was answered and told to come across to where the fore-
man was; that he started slowly and carefully, and when five or six
feet away from the foot of the stairs he fell into a large pit five feet
square, prepared to receive the elevator shaft, which was full of water
at the time. He says that he did not see this. The learned court took
the correct view that under all the circumstances, the building be-
ing in the process of construction and the floor and apparatus disposed
according to the defendant's convenience for construction, the only ob-
ligation the master owed the servant was to light the place sufficiently,
so that the servant, in the careful exercise of his senses, would observe
where danger lay. The learned trial court, however, held as matter of

law that the place was sufficiently lighted. It seems to me that this was a question of fact for the jury under all the evidence. The plaintiff says that it was not lighted. Some of his witnesses say there were lights, and they describe the location of the lights, and how much light they shed. Although the court held that when he answered the postal card calling him to bring his tools there, he was not in the employ of the defendant, yet I think there can be no question, irrespective of whether he was actually in the employ at that time, that the defendant owed to this plaintiff the same duty it would have owed him 10 minutes later, supposing that within that 10 minutes he had been formally employed, and sent about some particular business. It was correctly held on the trial that the defendant's duty was to light the basement sufficiently. The evidence on this branch of the case, however, and that which was offered to show the plaintiff's freedom from contributory negligence, should have been submitted to the jury.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event. All concur.

