## Swift & Company v. Joseph A. Martine.

### Decided January 30, 1909.

**1.—Master and Servant—Ordinary Care—Charge.**

In a suit for damages for personal injuries caused by falling down an elevator shaft, charge considered, and held to have properly submitted to the jury the issue whether or not defendant was guilty of negligence in failing to artificially light said shaft; nor did the court under the circumstances of this case err in submitting to the jury the question whether or not plaintiff was guilty of contributory negligence in falling into said shaft, instead of instructing a verdict for defendant on said issue.

**2.—Same.**

Where, in a suit for damages for personal injuries to an employe caused by falling into an elevator shaft, the court by its charge permitted a verdict against the defendant only in the event the jury found defendant guilty of negligence in failing to properly light said shaft, there was no error in the refusal of the court to instruct a verdict for defendant if plaintiff's injuries were caused by the negligence of a co-employe in leaving the elevator door open. The first charge in effect excluded every other ground than that therein stated on which plaintiff could recover.

**3.—Witness—Impeachment—Predicate.**

Testimony tending to impeach a witness is properly excluded where no predicate for impeachment has been laid.

**4.—Trial—Argument of Counsel.**

In a suit by a father for personal damages to his son, counsel for plaintiff used the following language in his argument to the jury: "Lay aside the fact that this man—you cannot give him compensation for the suffering he undergoes when he sees his boy crippled for life. Your hearts rush out to him in sympathy; but you cannot do that; but you can compensate him for his pecuniary loss, and you can do something that will perhaps make it more safe for me, and your boy, and mine, and everybody else that has occasion to deal with these people, to see that they treat us as reasonably prudent men ought to treat others." Held, if the language used was improper at all, it was rendered harmless by an instruction by the court to the jury to disregard the same.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Lassiter & Harrison,* for appellant.

*Bell & Milam,* for appellee.

SPEER, Associate Justice.—This is an action by Joseph A. Martine against Swift & Company to recover damages growing out of personal injuries received by his son Thomas by reason of falling into an open elevator shaft at the packing establishment of the defendant, in whose employment both father and son were at the time of the accident. The defendant pleaded the general issue, contributory negligence and assumed risk. There was judgment for the plaintiff in the sum of seventeen hundred dollars and the defendant has appealed.

Since the assignments for the most part relate to charges given or refused, we here set out the court's charge, so far as the same is pertinent:

"1. If you believe from the evidence that on the occasion in controversy plaintiff's son, Thomas Martine, stepped into defendant's elevator shaft, not knowing that the same was an elevator shaft, and believing that he was stepping upon a floor, and that he was thereby caused to fall and sustain injuries; and if you further believe from the evidence that when said Thomas Martine stepped into said shaft there was not sufficient light in said shaft to render the danger of stepping into the same in the absence of the elevator car, patent and open to the common observation of persons possessing the experience and discretion to appreciate such dangers which you believe from the evidence said Thomas Martine possessed at the time, and that the failure of the defendant to have said shaft so lighted, without warning said Thomas Martine in person of the location of said elevator, was a failure to exercise that degree of care for the safety of its employes which you believe a person of ordinary prudence would have exercised under the same circumstances, and that such failure, if any, of the defendant was the proximate cause of the injuries so sustained by said Thomas Martine, then you will return a verdict in favor of the plaintiff against the defendant.

"2. The foregoing instruction, however, is given subject to the qualification contained in this further instruction, to wit: If you believe from the evidence that there was on the door of said elevator shaft, through which plaintiff's son entered the shaft, a printed sign or notice indicating that the same was the door to an elevator shaft and that a person of ordinary prudence, possessing the same experience and capacity to appreciate danger which you believe from the evidence said Thomas Martine possessed at the time, would, under the same circumstances, have observed said sign or notice before entering said shaft, and, after discovering the same, would not have entered it in the absence of the elevator car, then you will find that plaintiff himself was guilty of negligence proximately contributing to his injury.

"3. On the contrary, if you believe from the evidence that a person of ordinary prudence, of the same experience and capacity to appreciate danger which you believe from the evidence that Thomas Martine possessed at the time, would not under the said circumstances have observed said sign or notice, and would under the same circumstances have stepped into said open shaft, just as plaintiff's son stepped into it, then you will find that said Thomas Martine was not guilty of negligence proximately contributing to his injury.

"4. If, under foregoing instruction, you find that said Thomas Martine was himself guilty of negligence proximately contributing to his injury, then you will return a verdict in favor of the defendant, independent of any finding you may make upon any issue submitted to you in the first paragraph of this charge.

"5. You are further instructed that if you believe from the evidence that when said Thomas Martine stepped into said shaft there was sufficient light in said shaft to render the danger of so doing patent and open to the common observation of persons possessing the experience and discretion to appreciate such a danger, which you believe from the evidence said Thomas Martine possessed at the time, then you will return a verdict in favor of the defendant.

"6. The defendant was not an insurer of the personal safety of Thomas Martine while he was engaged in its service, and the extent of its duty to him was to exercise that degree of care for his personal safety which a person of ordinary prudence in the same situation would use under the same or similar circumstances; and if you believe from all the facts and circumstances in evidence that a person of ordinary prudence in defendant's situation would not under the same circumstances have lighted said elevator shaft artificially, and would not have personally notified said Thomas Martine of the location of said shaft, then you will return a verdict in favor of the defendant."

It is first insisted that the first paragraph of the charge imposed upon appellant a greater burden than authorized by law, in that it required appellant to so light the elevator shaft as that the danger of falling into it would be patent and open to the injured employe. But it will be observed that the jury are further required to find that the failure of appellant to have its said shaft so lighted—whatever the extent of that failure—was a failure to exercise that degree of care for the safety of its employes as they believe an ordinarily prudent person would have exercised under the same circumstances; that is, that the defendant in failing to light its elevator shaft so that the danger would be apparent to its employes, was guilty of negligence. In such case we think necessarily the verdict should be for the plaintiff.

The second paragraph of the charge is next attacked upon the ground that if Thomas Martine after having seen the sign on the door and having discovered the elevator shaft should have walked into it, he would necessarily be guilty of contributory negligence, and it was therefore improper to leave the determination of that question to the jury. But the charge as given was favorable to the appellant and we see no merit in the criticism made.

The criticism of the fifth paragraph of the charge is predicated on the assumption that the court was there dealing with the issue of contributory negligence, whereas, it is apparent that another and different defense, to wit, that of assumed risk, was presented. As a charge on assumed risk the paragraph appears to be unobjectionable.

The greatest show of merit is presented in appellant's fourth and fifth assignments of error, to the effect that the jury should have been instructed to find for appellant if the sole proximate cause of Thomas

Martine's injury was the negligence of a coemploye in leaving the elevator door open. An examination, however, of the sixth paragraph of the court's charge will show that the court in effect assumed that appellant would be entitled to a verdict in such a case by directing a verdict in its favor if the jury found that it was not negligent in failing to light the elevator shaft, or in failing personally to warn the said Thomas of the location of said shaft. It is also to be remarked that the charge nowhere permitted a recovery upon negligence in leaving the elevator door open.

The defense of contributory negligence appears to have been fairly presented, and there was therefore no error in refusing the various special charges requested.

There was no error in excluding the testimony of the witness Robert Erwin. The effect of this testimony, if admitted, would have been to impeach the witnesses Sligh and Hare, and no proper predicate was laid for the introduction of such impeaching testimony. (Smith v. Jones, 11 Texas Civ. App., 19.)

Counsel for appellee, during his address to the jury, made use of the following language: "Lay aside the fact that this man—you can not give him compensation for suffering he undergoes when he sees his boy cripped for life. Your hearts rush out to him in sympathy; but you can not do that; but you can compensate him for his pecuniary loss, and you can do something that will perhaps make it more safe for me, and your boy, and mine, and everybody else that has occasion to deal with these people, to see that they treat us as reasonably prudent men ought to treat others." It is insisted that this language was of such inflammatory character as that its use should work a reversal of the case, notwithstanding the trial court pointedly instructed the jury not to consider it. But we think otherwise. It is doubtful if the language is objectionable at all in view of the issues in the case; but if so, clearly the instruction was sufficient.

The verdict and judgment are supported in the evidence, not only upon the issue of appellant's negligence, but upon the defensive issues of contributory negligence and assumed risk.

We find no error in the judgment and it is affirmed.

*Affirmed.*