### CLINTON v. MUNSON S. S. LINE.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

Evidence of negligence, in an action by an employé of defendant for injury from falling into an uncovered coal hole while unloading defendant's steamship between-decks, where it was unlighted, held sufficient to go to the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 279*)—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.

Evidence in an action for injury to a member of a gang of men employed by a steamship company in unloading its steamer held insufficient to authorize a finding that the cover of the coal hole between-decks into which he fell was taken and left off by fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 279.*]

On reargument of appeal. Former opinion (113 N. Y. Supp. 1129) reversed, and judgment affirmed.

See, also, 114 N. Y. Supp. 1122.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Knowlton Durham, for appellant.

Robert Stewart (Ralph G. Barclay, on the brief), for respondent.

GAYNOR, J. The plaintiff was of a gang of men employed by the defendant in unloading the defendant's steamship of a cargo of sugar in bags. The plaintiff's duties were to sew up any of the bags that were ripped, and also to go between decks after the bags were out of a compartment and sweep up and bag any loose sugar from the bags. He went down to a compartment which had just been emptied by his fellow workers and as he went about sweeping up stepped into an open

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

coal hole and was hurt. There was a coal hole in the deck above, namely, the top deck, and immediately over the one he fell into. The cover was on the top one, but the cover of the one he fell into lay to one side of it. These coal holes were for the purpose of letting coal down to the bunkers. They were not used in discharging the cargo. The men engaged in that work had nothing to do with them, and there is no evidence that they removed the cover from its socket or coping. They had no occasion for doing so. The evidence showed that the compartment where the plaintiff was hurt was quite dark. The men worked there without lights, but it was an obscure place. It was not light enough to read. The negligence alleged was the uncovered coal hole, and insufficient light to see it. The case was unquestionably made out for the jury. But the defendant claims that the learned trial judge erred in refusing to charge that if the cover "was taken and left off the hole by the neglect of the co-employés of the plaintiff, the verdict must be for the defendant." There was no evidence to justify such a finding. On the contrary, there was evidence tending to show that on the outward voyage the hole was always choked with coal, the bunkers being filled, and extra coal being stored on the freight deck, i. e., in the said compartment.

The judgment should be affirmed.

Judgment and orders affirmed on reargument, with costs. All concur.