## MISSOURI, O. & G. RY. CO. v. FLANAGAN.

No. 3078.    Opinion Filed March 17, 1914.

(139 Pac. 696.)

1.    APPEAL AND ERROR — Review — Exceptions to Remarks of Court—Time to Object.    Where no objections were made or exceptions saved to a remark of the court in the presence of the jury, and the motion for new trial does not mention same, that question cannot be raised for the first time in this court.

2.    TRIAL — Instructions — Question for Jury — Negligence.    In an action for damages against a railway company for personal injuries, where one of the controverted facts in the case was the location of a "skid" on the depot platform, and where some of the testimony tends to show that it was a bright moonlight night and that a person exercising ordinary care could have seen said "skid," the court instructed the jury: "The court instructs the jury that the mere fact of leaving a 'skid,' such as has been described to you in the evidence, upon the platform where it was necessary for the egress and ingress of passengers to and from said depot, without said platform being lighted so that passengers could distinguish and see said 'skid,' this in itself would in law be negligence." Held, such instruction was error.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. deGraffenreid, Judge.*

Action by John Flanagan against the Missouri, Oklahoma & Gulf Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*E. R. Jones, J. C. Wilhoit, Alexander New,* and *Arthur Miller,* for plaintiff in error.

*Joseph P. Rossiter, Gilbert M. Gander,* and *George K. Powell,* for defendant in error.

LOOFBOURROW, J.   John Flanagan, as plaintiff, commenced this action against the Missouri, Oklahoma & Gulf Railway Company, defendant, in the district court of Muskogee county, for personal injuries alleged to have been received by him, he having been a passenger upon one of the trains of the defendant, and upon alighting on the platform therefrom at Council Hill, Okla., and going along said platform toward town, stumbled and fell over a "skid" which is alleged to have been negligently left upon the platform by the employees of the defendant company, whereby the plaintiff was injured.   A judgment being rendered in favor of the plaintiff for $5,000, the defendant, Missouri, Oklahoma & Gulf Railway Company, appealed to this court.

One of the errors assigned by the defendant is that the trial court read the instructions prepared by the judge, and, at the conclusion thereof, said, "I will not read the instructions requested by the defendant."   No objections were then made, nor exceptions saved to this remark of the court; neither is the same mentioned in the motion for new trial, and this is not a matter that can be raised for the first time on appeal.   But it is not good practice for a trial court to indicate to the jury what instructions are requested by either party.   It is the duty of the trial court to give such instructions as clearly and concisely state and outline the law applicable to the issues in the case, and the jury should understand that the instructions are a statement of the law as found and declared by the court.

Numerous errors are assigned, but it is not necessary to consider any of them except the thirteenth and fifteenth.   The thirteenth is to the effect that the court erred in giving to the jury its instruction number seven, which reads:

"The court instructs the jury that the mere fact of leaving a 'skid,' such as has been described to you in the evidence, upon the platform where it was necessary for the egress and ingress of passengers to and from said depot, without said platform being lighted so that passengers could distinguish and see said 'skid,' this in itself would in law be negligence."

The record shows that one of the controverted facts in this case was the location and position of the "skid" upon the depot

platform. Some of the testimony also tends to show that it was a bright moonlight night, and that a person exercising ordinary care could have seen the "skid." The location of the skid and the necessity, if any, for artificial light were both questions of fact to be determined by the jury, and whether or not the platform was so dark and the skid so placed, together with other facts and circumstances, as to constitute negligence on the part of the defendant was a question of fact to be determined by the jury, and it was improper for the court to assume the facts stated in this instruction and to instruct that these facts in themselves constituted negligence *per se*. See *Clark v. St. L. & S. F. R. Co.*, 24 Okla. 764, 108 Pac. 361:

"When the evidence is conflicting or when the facts are undisputed but different minds might reasonably draw different conclusions from them, the question of negligence is always for the jury."

See, also, *Brunson v. Southwestern, etc., Co.*, 7 Ind. T. 209, 104 S. W. 593:

"It is only when the facts are undisputed and are such that reasonable men can fairly draw but one conclusion from them that the question of negligence is one of law."

See, also, 29 Cyc. 645, text and notes; also same volume, p. 634, which says:

"The law is well settled that what is and what is not negligence in a particular case is generally for the jury and not for the court. When the standard of duty is not fixed, but variable, and shifts with the circumstances of the case, it is in its very nature incapable of being determined as a matter of law and must be submitted to the jury to determine what it is and whether it has been complied with:"

See, also, *A., T. & S. F. Ry. Co. v. Dorsett* (Kan.) 50 Pac. 64, in which instructions which declared that certain facts constituted negligence entitling plaintiff to recover were held erroneous.

The fifteenth assignment of error challenges the correctness of instruction number nine, which reads:

"You are further instructed that if you should find a verdict for the plaintiff, then you may take into consideration, in estimating the damage he sustained, the physical pain and suffer-

ing that he endured as a result of said fall, if any, and also the nature and extent of his injury, if any, as to whether or not his injury, if any, is temporary or permanent.  You may also take into account the habits and earning capacity of the plaintiff in arriving at your decision as to the amount of damages, but in no event will you find for the plaintiff a greater amount than twelve thousand dollars for damages as a result of his injury, and not more than five thousand dollars for the pain and physical suffering."

This instruction is erroneous for the reason that after enumerating the various elements that constitute the measure of damages, including physical pain and suffering, the court says, "but in no event will you find for the plaintiff a greater amount than twelve thousand dollars for damages as a result of his injury and not more than five thousand dollars for the pain and physical suffering."  It is certain that if the physical pain and suffering were considered and the maximum fixed at twelve thousand dollars, the same pain and physical suffering could not again be considered in a separate item with a limitation of five thousand dollars, nor was it within the province of the court to limit the amount of recovery as to any element of the damage. The amount to be recovered as to each element was a matter which rested within the sound discretion of the jury.  We do not hold that the giving of this instruction is reversible error in this case, but on a retrial such an instruction should not be given.

The cause is reversed and remanded for a new trial.

All the Justices concur.