## TEXAS & PACIFIC RAILWAY COMPANY *v.* MURPHY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 791. Argued April 23, 1915.—Decided June 14, 1915.

Although the shipper may be in control of the car and may be negligent in regard thereto the carrier is not relieved of responsibility and so *held* that:

> An employé of the carrier, not guilty of contributory negligence and not charged with notice of the carrier's rules in regard to refrigerator cars may, under the circumstances of this case, be liable for injuries caused by the doors of ice bunker being left open by the shipper in control of the car although the employé knew that the shipper was in such control.

THE facts, which involve the validity of a verdict and judgment for damages recovered by an employé of a carrier, are stated in the opinion.

*Mr. F. H. Prendergast* for plaintiff:

Where a car loaded with bananas was in charge of a custodian, and had been placed on a bulk track to be unloaded then the shipping rules of the railroad which permitted the custodian to open or close the ventilators to the car, are valid and the railroad would not be liable for an injury caused by the custodian having the ventilators open on top of the car. *Densmore Commission Co.* v. *Duluth R. R.,* 101 Wisconsin, 563; *Gillett* v. *Railroad,* 68 S. W. Rep. 61; *Railroad Co.* v. *Alexander,* 103 Texas, 597; *Schwartz* v. *Erie R. R.,* 106 S. W. Rep. 1188; *Tuttle* v. *Detroit &c. R. R.,* 122 U. S. 189; *Tex. Cent. R. R.* v. *Dorsey,* 30 Tex. App. 381.

The facts proven established the fact that defendant in error did not get on the car to set the brakes nor to perform any duty he owed the railroad, because he had gone five or six feet beyond the brake staff before he fell, and the special charges to that effect should have been given.

If the man in charge of the bananas left the opening on top of the car uncovered, then the railroad company would not be liable and the court erred in its charge to the jury. *Densmore* v. *Duluth R. R.,* 101 Wisconsin, 563; *Densmore* v. *Duluth R. R.,* 77 N. W. Rep. 904; *Gillett* v. *Railroad Co.,* 68 S. W. Rep. 61; *Schwartz* v. *Erie R. R.,* 106 S. W. Rep. 1188; *Tex. Cent. R. R.* v. *Dorsey,* 30 Tex. App. 381.

*Mr. S. P. Jones* for defendant in error:

The duty of the master to provide for his servant a reasonably safe place in which to work and reasonably safe instrumentalities is an ever present, non-delegable duty and when the same is delegated to another, he thereby becomes the agent or representative of the master for

whose negligence the master is responsible. *Cooper v. Robischung Bros.*, 155 S. W. Rep. 1050; *Hough v. Railway Co.*, 100 U. S. 213; *Railway Co. v. Baugh*, 149 U. S. 386; *Railway Co. v. Conway*, 98 S. W. Rep. 1070; *Railway Co. v. LaRue*, 27 C. C. A. 363; *Railway Co. v. Winton*, 66 S. W. Rep. 477; *Railway Co. v. Milam*, 58 S. W. Rep. 735; *Texas Traction Co. v. Morrow*, 145 S. W. Rep. 1069; *Toledo Brewing Co. v. Bosch*, 41 C. C. A. 482.

The rules relied upon by the Railway Company are not rules governing the switchman's work, but are for the railway agents at stations, conductors in charge of trains, and the messengers or men in charge of the fruit.

If the Railway Company could relieve itself of liability by delegating to the person in charge of the shipment the duty of handling the car, under the rules it would not relieve the company of liability in this case, as the rule providing for the opening of ventilators does not authorize them to be left unprotected, making a pitfall in the path of trainmen, but requires them to be protected by the cover with the ratchet device furnished for that purpose.

The rules do not contemplate that the cover shall be thrown back on the car roof and it is unusual and dangerous for them to be left in that position.

Switchmen have to move fast in doing their work. Defendant in error, a careful switchman, was at the place where it was necessary for him to be.

In support of these contentions, see *Baird v. Reilly*, 35 C. C. A. 78; *Cooper v. Robischung*, 154 S. W. Rep. 1052; *Grand Trunk Ry. v. Tennant*, 14 C. C. A. 190; 3 Labatt on Master and Servant, 1073; *Railway v. Baugh*, 149 U. S. 386; *Railway Co. v. Herbert*, 116 U. S. 647; *Railway Co. v. Peterson*, 162 U. S. 346.

MR. JUSTICE PITNEY delivered the opinion of the court.

Murphy, while in the employ of the Railway Company as a switchman in its yards at Marshall, Texas, fell from a

refrigerator car and received personal injuries, for which he recovered a judgment against the Company in the United States District Court, which was affirmed by the Circuit Court of Appeals, without opinion. According to plaintiff's theory, supported by evidence sufficient to sustain the verdict, the car was standing upon one of the unloading tracks, but in such a position that it required to be occasionally moved in the course of switching operations. It was partially loaded with bananas, and it had at one end an ice bunker with an opening or scuttle in the roof of the car through which the bunker was filled. The opening was surrounded with a casing or coaming, rising somewhat above the surface of the roof, and there was a hinged door or cover fitted to the opening and furnished with a ratchet device for raising it and setting it at any desired angle. Plaintiff went upon the top of the car at night in the course of his duties in order to test the brake and if necessary to set it, so that the refrigerator car could not run down upon the main track. While walking upon the roof of the car and making ready to descend, it being dark, and the signal lantern that he carried furnishing scanty light upon his path, he stepped upon the casing or coaming of the ice bunker, his foot slipped or turned, and he fell to the ground, receiving serious injuries. The hatch cover, it appeared, was on this occasion left wide open, instead of being set at an angle by means of the ratchet, which, according to the evidence, was the proper mode of arranging it when it was desired to ventilate the ice bunker, and would have had the effect of preventing plaintiff from stepping upon the coaming.

Plaintiff's contention was that the Railway Company was negligent in leaving the door of the ice bunker wide open. Defendant insisted that the car was in the charge and control of one Marshall, who was selling bananas from it, and that under the rules prescribed by the company for governing the transportation of bananas Marshall had

a right to have the doors of the ice bunker open or *closed,*
as he preferred.   The trial court was requested to charge
that the rules of the company governing the transporta-
tion of bananas in refrigerator cars were reasonable and
binding upon the parties, and if the car in question was
handled in accordance with those rules, and if the messen-
ger in charge of the car left the ventilators open, and this
caused the plaintiff to fall, he could not recover.   This re-
quest was refused, and the court charged, on the contrary,
that the Railway Company could not escape liability for
injuring plaintiff by reason of Marshall's act in leaving the
bunker opening uncovered; that the mere fact that Mar-
shall, or somebody acting for him, left it uncovered would
not be sufficient to defeat a recovery by the plaintiff;
but that the jury could take into consideration the fact
of Marshall's control of the car in determining whether
the defendant company, on the occasion in question, was
guilty of negligence directly or proximately contributing
to plaintiff's injury, and also in determining whether plain-
tiff was guilty of contributory negligence in walking along
the car in the manner he did·at the time of his injury.   We
think this was sufficiently favorable to defendant.   So far
as appears, there was nothing to show that plaintiff had
notice of the company's rules respecting the care of perish-
able freight in refrigerator cars, or that they entered into
the contract of employment.   Assuming he was charged
with notice of Marshall's control of the car and knew that
this must interfere to some extent with the Railway Com-
pany's care for plaintiff's safety, this was no more than a
circumstance in the case, and could not properly be treated
as conclusively showing a want of responsibility on the
part of defendant.

· The other contentions of plaintiff in error are sufficiently
answered by referring to *Texas & Pacific Ry.* v. *Ros-*
*borough,* 235 U. S. 429, and cases cited.

                                          *Judgment affirmed.*