party to the other. In such event the rent for the remaining sixty days shall be the same as herein provided and at the end of said sixty days the lease shall come to an end as if such date were definitely fixed as the expiration of said lease." The Appellate Division held that the cancellation clause was inapplicable to the extended term.

*Lawrence S. Greenbaum* and *Jonas J. Shapiro* for appellant.

*Eugene Frayer* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN J. FLANAGAN, Respondent, *v.* FRED T. LEY & Co., INC., et al., Appellants.

*Negligence — failure to light dark passageway in basement of building in course of construction and to guard opening in floor — injury to workman from falling through such opening.*

*Flanagan* v. *Ley & Co., Inc.,* 214 App. Div. 776, affirmed.

(Argued December 9, 1925; decided January 12, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. In the construction of a building, holes had been left in the floors for the operation of a hod-hoist. When no longer needed the openings had either been permanently closed or planked over. On the day of the accident a subcontractor, who had been authorized by the general contractor to close the openings, directed one of its workmen to fill in the opening in the basement. He removed the planks and left the opening, which was in a dark passageway, unguarded and without light, to procure material. Plaintiff, an employee of another sub-

contractor, having occasion in the course of his employment to go through the passage walked into the opening and received the injuries complained of. The general contractor was charged with negligence in failing to properly light the basement and the subcontractor for failure to guard the opening.

*George W. Smyth* for Fred T. Ley & Co., appellant.

*Walter L. Glenney* and *Bertrand L. Pettigrew* for A. & G. Pierce Co., appellant.

*Arthur T. O'Leary* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FREDERICK C. GRATWICK, Respondent, *v.* CARL H. SMITH, Appellant.

*Partnership — conversion — action by surviving partner to recover in conversion from executor of deceased partner a sum of money paid in satisfaction of a partnership claim and deposited to account of decedent's estate — judgment properly awarded for one-half of amount with interest.*

*Gratwick* v. *Smith*, 214 App. Div. 759, affirmed.

(Argued December 9, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 9, 1925, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The action was in conversion. It appeared that plaintiff was a surviving partner of a copartnership to which certain moneys were due and claimed that, under the partnership, he was personally entitled to one-half of the amount. Defendant, executor of a deceased partner, claimed that the whole amount was due his decedent's estate, whereupon the money was paid to him under an agreement that he should hold the same pending settlement of the question in dispute and he deposited the amount to the credit of the estate. Plaintiff thereupon claimed that as surviving partner he was