[No. 32695.    Department One.    March 12, 1954.]

KENNETH B. ARNOLD, *Respondent*, v. UNITED STATES GYPSUM COMPANY, *Appellant*.[1]

*Eggerman, Rosling & Williams, Joseph J. Lanza,* and *Allan R. Carpenter, Jr.,* for appellant.

[1]Reported in 267 P. (2d) 689.

*Evans, McLaren, Lane, Powell & Beeks* and *William T. Jacobson,* for respondent.

MALLERY, J.—Plaintiff worked as a representative of defendant's Western sales division. He lived in Oregon, and his duties brought him to the Seattle office at about two-month intervals.

On March 26, 1951, he came into defendant's district sales office in the Dexter Horton Building, in Seattle, which had a number of desks at which employees worked. He discussed a matter of business with a fellow employee, and then went to an extra desk to make a telephone call. Some books were piled on the chair at the desk. He removed them and sat down with both feet on the floor. He does not recall having previously used the chair. He was not aware that it was unstable or dangerous. He noticed nothing in the appearance or feel of the chair to indicate that it was unsafe. He dialed a number, and, when his party answered the telephone, he leaned back in the chair in an easy normal manner. It tipped over backwards, and he sustained the injuries for which this action was brought. He described the action of the chair as being "quick" in that there was no stop in the backward motion. Fellow employees testified that for years the chair was known to the office force as being unsafe, and that several persons had nearly tipped over in it.

The jury returned a verdict for plaintiff. Defendant appeals.

Appellant assigns as error the trial court's denial of its motions for a directed verdict, for judgment notwithstanding the verdict, for a new trial, and in refusing to give a requested instruction.

In support of these assignments of error, appellant insists that the chair is a standard chair, in common use, without defects, and that, therefore, respondent assumed the risk of using it.

Obviously the jury did not believe appellant's version of the facts. It did believe the facts as heretofore stated, which

sustained respondent's first specification of negligence, that is, failing to provide him a safe place to work; and safe appliances therein.

It was the duty of appellant to furnish respondent with appliances and instrumentalities that were reasonably safe for the use required of them, and to maintain them in a reasonably safe condition. *Graaf v. Vulcan Iron Works,* 59 Wash. 325, 109 Pac. 1016; *Myers v. Little Church By The Side Of The Road,* 37 Wn. (2d) 897, 227 P. (2d) 165; 35 Am. Jur. 569, § 138.

Appellant was entitled to assume, in the absence of notice to the contrary, that the chair was safe for normal use. *King v. Griffiths-Sprague Stevedoring Co.,* 45 Wash. 425, 88 Pac. 759.

Appellant complains that respondent failed to prove the exact nature of the defect in the chair. Respondent proved by circumstantial evidence that the chair was dangerous. We held that was sufficient in *Myers v. Little Church By The Side Of The Road, supra.* In that case we said:

"The jury could reasonably find, on the basis of these facts, that the elevator company did not use reasonable care in ascertaining the cause of the trouble and in making repairs. It was not necessary to establish negligence by direct and positive evidence. As we said in *McGinn v. North Coast Stevedoring Co.,* 149 Wash. 1, 9, 270 Pac. 113:
" ' . . . It [negligence of the master] may arise from circumstances and inferences to be deduced from the conditions as shown. The same is true as to whether the master failed to exercise reasonable care in the selection of an apparatus or reasonable care in keeping it in a condition suitable for use.' "

Appellant contends that the trial court erred in failing to give the following instruction:

"You are instructed that there is no evidence that the chair which the plaintiff used had a broken spring, and therefore this matter and the question of the defendant's alleged negligence in providing a swivel chair which had a broken spring is withdrawn from your consideration and you will give no further consideration to it in your deliberation."

The trial court gave a broad general instruction upon the theory of liability to which appellant took no exception. The giving of an additional instruction directed to a particular fact is within the sound discretion of the trial court. It did not err in refusing to give the requested instruction.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.