[No. 35556.   Department One.   September 7, 1961.]

GLEN B. GREENLEAF, *Appellant,* v. PUGET SOUND BRIDGE AND DREDGING COMPANY, *Respondent.**

*Reported in 364 P. (2d) 796.

*Reaugh, Hart & Allison, Robert B. Allison,* and *Gayle Barry,* for appellant.

*Walsh & Margolis,* for respondent.

FOSTER, J.—In his personal injury action, Glen B. Greenleaf appeals from a judgment for the defendant notwithstanding the verdict in his favor. The respondent, defendant below, was the prime contractor with the United States for the construction of a naval vessel. Appellant Greenleaf was an employee of the respondent's subcon-

tractor. Respecting personal injuries in extrahazardous employment, the industrial insurance act affords immunity to the employer only. It is not a bar to an action against a negligent third party.[1]

The sole ground of negligence upon which the cause was submitted to the jury by an instruction[2] was the failure of the defendant to provide adequate lighting. The

---

[1] "If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman or, if death results from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other, such election to be in advance of any suit under this section and, if he takes under this title, the cause of action against such other shall be assigned to the state for the benefit of the accident fund and the medical aid fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this title for such case: *Provided*, That the injured workman or if death results from his injury, his widow, children or dependents as the case may be, electing to seek a remedy against such other person, shall receive benefits payable under this title as if such election had not been made, and the department for the benefit of the accident fund and the medical aid fund to the extent of such payments having been made by the department to the injured workman or if death results from his injury, his widow, children or dependents as the case may be shall be subrogated to the rights of such person or persons against the recovery had from such third party and shall have a lien thereupon. Any such cause of action assigned to the state may be prosecuted or compromised by the department in its discretion in the name of the workman, beneficiaries, or legal representative. Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund may be made only with the written approval of the department." Laws of 1957, chapter 70, § 23, p. 279.

[2] "You are instructed that the only charge of negligence against defendant for your consideration is failure to provide adequate lighting, and unless you find by a preponderance of the evidence that there was such failure, your verdict must be for the defendant.

"You are further instructed that if the defendant provided adequate facilities for lighting, but that the premises in question were improperly lighted because of the failure of agents or employees of the Owens Corning Fiberglas Corporation to make proper use of those facilities, then your verdict must likewise be for the defendant." Instruction No. 8.

adequacy of the evidence to support appellant's verdict on that point is the sole issue here.[3]

Appellant was insulating pipes in the vessel's boiler room. On the occasion in question, to obtain necessary insulating material, appellant was required to use a catwalk, a section of which, only moments before, had been removed by another workman. Appellant testified that the open section in the catwalk could not be observed by him because of darkness. The negligence claimed is the failure of the prime contractor, the respondent herein, to provide a safe place to work and not the negligence of the workman in temporarily removing the grating. The motion for judgment notwithstanding the verdict was granted for the sole reason that there was, in the court's view, no evidence to show basic negligence by respondent, specifically that there was no proof that the respondent was negligent in failing to provide and maintain proper lighting.

Appellant testified that his station was illuminated but that the open catwalk section was dark. There was testimony that over that unlighted cavity there was an empty light socket suspended on a pigtail from a temporary line. It is without substantial dispute that all temporary lighting facilities had been provided by the respondent.

The duty owing by a master to his own servant is to provide a reasonably safe place in which to work, which duty cannot be avoided by delegation. *Arnold v. United States Gypsum Co.,* 44 Wn. (2d) 412, 414, 267 P. (2d) 689, stated such duty as follows:

"It was the duty of appellant to furnish respondent with appliances and instrumentalities that were reasonably safe for the use required of them, and to maintain them in a reasonably safe condition. *Graaf v. Vulcan Iron Works,* 59 Wash. 325, 109 Pac. 1016; *Myers v. Little Church By The Side Of The Road,* 37 Wn. (2d) 897, 227 P. (2d) 165; 35 Am. Jur. 569, § 138.

"Appellant was entitled to assume, in the absence of notice to the contrary, that the chair was safe for normal

---

[3]Appellant assigns error to the refusal to admit evidence of post-accident lighting changes, which is unnecessary to consider.

use. *King v. Griffiths-Sprague Stevedoring Co.*, 45 Wash. 425, 88 Pac. 759."

The relationship of master and servant did not exist between the parties. Appellant was the employee of respondent's independent contractor. What duty is owed by the contractee to the workmen of its independent contractor? ▉ The rule applicable under such circumstances was recently stated by the supreme court of Maine in *Jenkins v. Banks*, 147 Me. 438, 87 A. (2d) 908:

"Where the contractee undertakes to provide any of the instrumentalities with which the work is to be carried on, he owes to the contractor and the latter's employees the duty of exercising reasonable care with respect thereto. 27 Am. Jur. Page 509, Sec. 30. See 44 A. L. R. 891, note."

*Meyers v. Syndicate Heat & Power Co.*, 47 Wash. 48, 91 Pac. 549, pronounces the same result:

" . . . But in the absence of such express authority, the rule is that the servant of an independent contractor engaged in work for the contractor on the premises of the proprietor is deemed to be thereon by invitation of the proprietor; and the proprietor owes him the same duty to provide for his safety that it owes to the contractor himself; namely, that he will maintain the premises in a reasonably safe condition for the uses the contractor or servant is entitled to make of them, and will not expose him to hidden dangers of which he is not aware, but which are known to the employer. Thompson, Negligence, §§ 680, 968, 979; *Spry Lumber Co. v. Duggan*, 80 Ill App. 394; *Bennett v. Railroad Co.*, 102 U. S. 577, 26 L. Ed. 294. So in this case, if the respondent's version of the occurrences is to be believed, the appellant owed the respondent the duty of either covering or guarding the tank into which he fell, or giving him timely warning of its existence; and failing in this, it rendered itself liable for the injuries received by him."

The United States court of appeals for the Fifth Circuit in *Corban v. Skelly Oil Co.*, 256 F. (2d) 775, 780, stated the point in the following language:

"The employer of an independent contractor is under a duty to exercise reasonable care to maintain its premises and equipment to be furnished by it in safe condition for use and is liable for injuries to an employee of the inde-

pendent contractor resulting from its failure to do so. Sunray Oil Corporation v. Allbritton, 5 Cir., 1951, 187 F. 2d 475, 188 F. 2d 751, certiorari denied 342 U. S. 828, 72 S. Ct. 51, 96 L. Ed. 626. . . ."

The decisional law elsewhere is in accord.[4]

Therefore, there can be no question that respondent owed to appellant a nondelegable duty to maintain the work premises in safe condition for his performance of his job. Respondent's contention that the vessel was owned by the United States Government, and that respondent therefore owed no duty to appellant is groundless. Assuming *arguendo* that the vessel was owned by the United States, nevertheless, respondent prime contractor had complete control over it.

The question finally to be answered then is: Was there any evidence from which the jury could have found that respondent was negligent, and that such negligence was a proximate cause of appellant's injury?

▌ The law applicable to the particular facts herein was well stated in *Crawford v. Duluth, Missabe & Iron Range R. Co.,* 220 Minn. 225, 230, 19 N. W. (2d) 384:

" . . . The duty of furnishing a safe place to work includes that of furnishing light when necessary to make the place where the work is being done reasonably safe.

. " . . .

"The rule is applicable in connection with construction work, where it is feasible to furnish light. In Bausert v. Thompson-Starrett Co., 126 App. Div. 332, 110 N. Y. S. 521,

---

[4]*Rodin v. American Can Co.,* 133 Cal. App. (2d) 524, 284 P. (2d) 530; *Bickham v. Southern California Edison Co.,* 120 Cal. App. (2d) 815, 263 P. (2d) 32; *Beyette v. Greenblatt,* 284 App. Div. 826, 132 N. Y. S. (2d) 110; *Colello v. Stevenson & Co.,* 284 App. Div. 805, 132 N. Y. S. (2d) 207; *Gasper v. Ford Motor Co.,* 11 App. Div. (2d) 902, 203 N. Y. S. (2d) 382; *Smith v. Henger,* 148 Tex. 456, 226 S. W. (2d) 425, 20 A. L. R. (2d) 853; *Texas Electric Service Co. v. Holt* (Tex. Civ. App.), 249 S. W. (2d) 662; *Farrell v. Diamond Alkali Co.,* 16 N. J. Super. 163, 83 A. (2d) 900; *Lipman v. Well-Mix Concrete, Inc.,* 138 N. Y. S. (2d) 316; *Miller v. The Sultana,* 176 F. (2d) 203; *Flanagan v. Fred T. Ley & Co.,* 241 N. Y. 607, 150 N. E. 575; *Gudnestad v. Seaboard Coal Dock Co.,* 15 N. J. 210, 104 A. (2d) 313; *Indemaur v. Dames,* L. R. 1 C. P. 274, 35 L. J. C. P. 184, affirmed L. R. 2 C. P. 311, 36 L. J. C. P. 181 (1866).

it was held that a master engaged in the construction of a large building owes his employes the duty of lighting the place so as to enable them to observe dangers.

" . . .

" . . . Here, defendant . . . was able by taking reasonable precaution to prevent accidents by providing proper light. . . . If adequate light had been furnished, decedent might have been able to observe the defects, if any, in the tie on which he slipped, causing him to fall. See Bruns v. Northern Iowa Brick & Tile Co. 152 Iowa 61, 130 N. W. 1083, *supra*. Because there is evidence to show that defendant furnished inadequate light and that the failure properly to light might have been the cause of decedent's failure to observe the condition of the tie on which he stepped, defendant's negligence was a fact question for the jury."

In *Bruns v. Northern Iowa Brick & Tile Co.*, 152 Iowa 61 130 N. W. 1083, the court said:

"If conditions existed at the time plaintiff went to work about the overhanging clay which created the danger, or if they afterwards arose, *and such conditions and danger would ordinarily be discovered with reasonably sufficient light, the failure to furnish such light might be the proximate cause of the injury.* . . ." (Italics ours.)

The Iowa court indicated that such is a jury question.

Furthermore, in *Prickett v. Sulzberger & Sons Co.*, 57 Okla. 567, 157 Pac. 356, the court held:

"As to the necessity, character, and amount of light which ought to be furnished it is invariably held to be a question for the jury to determine whether the defendant was negligent. . . ."[5]

---

[5]"As to the necessity, character, and amount of light which ought to be furnished it is invariably held to be a question for the jury to determine whether the defendant was negligent. The following are some of the illustrations of its application: Where a brakeman, not having been furnished with a lantern, fell through a hatchway of a refrigerator car, *T. & P. Ry. Co. v. Murphy*, 238 U. S. 320, 35 Sup. Ct. 779, 59 L. Ed. 1329; the location of a skid and the necessity of any for artificial light were both questions for a jury, and whether the platform was so dark and the skid so placed as to constitute negligence were for the jury, *M., O. & G. Ry. Co. v. Flanagan*, 40 Okla. 502, 139 Pac. 696 (see *Clark v. St. L. & S. F. R. Co.*, 24 Okla. 764, 108 Pac. 361); also

From our examination of the record, we cannot say that the verdict is unsupported by the evidence. There was evidence in the record that the light furnished by respondent was not sufficient to conform to the standard of reasonable care and that such was a proximate cause of the injury. While there was evidence to the contrary, the weight and credibility of such evidence was for the jury, and not for either the trial court or this court. There was substantial evidence upon which the jury could find that there was negligence by respondent which was a proximate cause of appellant's injury. The jury did so. The judgment notwithstanding the verdict is, therefore, erroneous.

Respondent raises the argument, however, that there was an independent intervening act of negligence which caused appellant's injury—that of appellant's fellow workman who raised the section of catwalk but a moment before appellant walked into the area and fell through the opening. Respondent contends, therefore, that its negligence was not a proximate cause of the injury, and that it is, therefore, not liable. We do not agree.

■■ The jury justifiably could have found, and appears so to have found, that appellant's injury was the result of both the workman's removal of the section of catwalk and respondent's failure to supply adequate light, and

---

where a servant fell under a dimly lighted scaffold, *Dickson v. Geo. B. Swift Co.*, 238 Ill. 62, 87 N. E. 59; servant falling through opening in railway tunnel insufficiently lighted, *Copper River N. W. Ry. Co. v. Heney*, 211 Fed. 459, 128 C. C. A. 131; falling through a hay chute in master's barn, *Moellman v. Gieze Henselmeier Lumb. C.*, 134 Mo. App. 485, 114 S. W. 1023; stevedore falling into uncovered hole in unlighted deck, *Clinton v. Munson S. S. Line*, 132 App. Div. 59, 116 N. Y. Supp. 383; insufficiently lighted platform, *Burrows v. Likes*, 180 Mo. App. 447, 166 S. W. 643; as to whether want of light was proximate cause of injury, *Burns v. North Iowa Brick & Tile Co.*, 130 N. W. 1083; where one fell down an elevator shaft, due to the want of light making it apparent that the floor extended into it, *Swift & Co. v. Martine*, 53 Tex. Civ. App. 475, 117 S. W. 209; where a workman was injured in an elevator by a protruding girder not noticed for want of sufficient light, *Olson v. Hanford Prod. Co.*, 111 Iowa, 347, 82 N. W. 903; falling into elevator shaft in gloomy, insufficiently lighted room, *Wendler v. People's Housefitting Co.*, 165 Mo. 527, 65 S. W. 737." *Prickett v. Sulzberger & Sons Co.*, 57 Okla. 567, 157 Pac. 356.

that the injury would not have occurred without the concurrence of both.

In *Eckerson v. Ford's Prairie School Dist. No. 11,* 3 Wn. (2d) 475, 101 P. (2d) 345, this court quoted from the Restatement of the Law of Torts, 1184, § 439, as follows:

" 'If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.' "

*Johnson v. Nicholson,* 159 Cal. App. (2d) 395, 324 P. (2d) 307, held:

"It is not necessary that St. George's negligence or Conklin's negligence be the sole cause of Johnson's death and Phillips' injuries; it is sufficient that either be one of the contributing causes. (*Westover v. City of Los Angeles,* 20 Cal. 2d 635, 639, [128 P. 2d 350]; *Reid & Sibell v. Gilmore & Edwards Co.,* 134 Cal. App. 2d 60, 65, [285 P. 2d 364].) . . ."

We have consistently followed that rule. The jury could properly have found that respondent's omission was a substantial contributing cause of appellant's injury because appellant would have seen the opening had the light been adequate. This is a case of concurrent negligence, the negligence of two actors concurring to cause injury to a third person rendering both tortfeasors jointly and severally liable.

The defense of appellant's assumption of the risk is also raised by respondent. In order for such defense to apply, appellant must have known of the danger he encountered. There was substantial evidence that appellant did not know that a section of the catwalk had been removed, and the jury could so find.

In sum, there was substantial evidence to support the verdict.

Although not decided in the superior court, respondent urges as an additional reason for affirmance that the ap-

pellant's action is barred by the industrial insurance act. This is permissible.[6]

*Hand v. Greyhound Corp.,* 49 Wn. (2d) 171, 299 P. (2d) 554, applied the former statutory immunity proviso to defeat an action against a third party contributor to the accident fund. The statute, as it existed from 1929 to 1957, prohibited an action for injuries against any employer or any workman as a third person if, at the time of the accident, such employer or workman was in the course of any extra-hazardous employment.[7]

---

[6]"From the pleadings, the theory is established that the respondent was injured by the appellant's breach of contract and this theory is clearly supported by the record. Therefore, the rule that the judgment of the trial court will be sustained on any theory established by the pleadings and supported by the proof is applicable. *Lundberg v. The Corporation of Catholic Archbishop of Seattle,* 55 Wn. (2d) 77, 346 P. (2d) 164 (1959); *Guerin v. Thompson,* 53 Wn. (2d) 515, 335 P. (2d) 36 (1959)." *Lucas Flour Co. v. Local 174 Teamsters, Chauffeurs & Helpers of America,* 57 Wn. (2d) 95, 103, 356 P. (2d) 1, certiorari granted on another point, 365 U. S. 868, 5 L. Ed. (2d) 859, 81 S. Ct. 902.

[7]"Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment: *Provided, however,* That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case: *Provided, however,* That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act. Any such cause of action assigned to the state may be prosecuted or compromised by the department, in its discretion. Any compromise by the workman of any such suit, which would leave a deficiency to be made good out of the accident fund, may be made only with the written approval of the department." Laws of 1939, chapter 41, § 2, p. 121, 123.

For a history of the action against third parties by a workman under the industrial insurance act, see *Hammack v. Monroe Street Lbr. Co.,* 54 Wn. (2d) 224, 339 P. (2d) 684.

At the next legislative session, the immunity proviso was completely eliminated.[1] The right to sue a third party was conferred as an added remedy to the industrial insurance award. Under the prior law,[7] if there were a recovery against a third party of less than the industrial insurance award, the accident fund contributed only the difference. Under the present scheme, however, the injured workman who recovers from a third party receives and retains the maximum industrial insurance award plus his third party recovery, in which event, however, the accident fund is given a lien on the third party recovery for all payments from both the accident and medical aid funds.

■ Respondent's argument is that, because the respondent would have been obliged to pay the industrial insurance and medical aid premiums of its subcontractor, appellant's employer, in the event of premium default by the subcontractor, it is, in effect, the employer itself and is immune from suit by an employee of its subcontractor.

We decide otherwise. (1) There was no default; (2) respondent was not the appellant's employer; and (3) the default contingency, which is negatived by the uncontroverted facts, does not change the situation. Respondent is a third party, not appellant's employer who alone is immune. *Anderson v. Sanderson & Porter,* 146 F. (2d) 58; *Buffa v. General Motors Corp.,* 141 F. Supp. 803; *Baker & Conrad v. Chicago Heights Constr. Co.,* 364 Ill. 386, 4 N. E. (2d) 953; *Artificial Ice & Cold Storage Co. v. Waltz,* 86 Ind. App. 534, 146 N. E. 826; *Boyd v. Humphreys,* 117 Neb. 799, 223 N. W. 658; *Cathey v. Southeastern Constr. Co.,* 218 N. C. 525, 11 S. E. (2d) 571; *Trumbull Cliffs Furnace Co. v. Shachovsky,* 111 Ohio St. 791, 146 N. E. 306; *Thomas v. Farnsworth Chambers Co.,* 286 F. (2d) 270; *Whiting v. Farnsworth & Chambers Co.,* 293 F. (2d) 45.

There are decisions in other states[8] having systems of workmen's compensation which contrast with our compulsory state monopoly scheme of industrial insurance in which

[8]*Gifford v. Nottingham,* 68 Idaho 330, 193 P. (2d) 831; *Kegley v. Vulcan Rail & Constr. Co.,* 203 Md. 476, 101 A. (2d) 822.

the prime contractor has been held to be the statutory employer of his subcontractor's workmen when the subcontractor failed to purchase a policy of workmen's compensation insurance. The reason is that such statutes impose a primary obligation upon the prime contractor to pay the compensation schedule provided by statute directly to the injured workman, or, in the event of death, to his statutory beneficiaries. Under such circumstances, the prime contractor has been compelled to pay the workmen's compensation directly to the subcontractor's injured workmen.

But even under those statutes, the cases just cited demonstrate that the majority of the states hold that such rule does not apply if the subcontractor had a valid policy of workmen's compensation insurance to cover his own workmen.

█ But Washington does not have a workmen's compensation act. It has a system of compulsory state industrial insurance and all awards are paid from the accident fund. We explained this in *Stertz v. Industrial Ins. Comm.*, 91 Wash. 588, 594, 158 Pac. 256:

"To resume, ours is not an employer's liability act. It is not even an ordinary compensation act. It is an industrial insurance statute. Its administrative body is entitled the industrial insurance commission. All the features of an insurance act are present. Not only are all remedies between master and servant abolished, and, in the words of the statute, all phases of them withdrawn from private controversy, but the employee is no longer to look to the master even for the scheduled and mandatory compensation. He must look only to a fund fed by various employers. When the employer, for his part, pays his share into this fund, all obligation on his part to anybody is ended. Let a claim be rejected by the commission, the latter and not the employer is to be sued. Nor is the commission so much as selected by the parties. The state administers the fund. Few foreign countries had yet adopted a scheme so comprehensive. Germany alone furnished a precedent. In subsequent legislation in this country only one or two states have adopted this principle and none have pushed it so far."

Under the Washington compulsory industrial insurance law, respondent's contention in this regard fails.

This judgment is reversed and remanded to the trial court with instructions to enter judgment upon the verdict.

FINLEY, C. J., WEAVER, and ROSELLINI, JJ., concur.

HILL, J., concurs in the result.

---

December 26, 1961. Petition for rehearing denied.