416 P.2d 610

**FLUOR CORPORATION, LTD., Appellant,**

v.

**Milton F. SYKES, as Administrator of the Estate of Donald D. Sykes, Deceased, Appellee.**

**No. 2 CA–CIV 91.**

Court of Appeals of Arizona.

July 12, 1966.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellant.

Lyle R. Allen, Bisbee, for appellee.

JOHN A. McGUIRE, Superior Court Judge.

The appellant herein has filed a motion for rehearing and requested the court to remand the case with instructions to the trial court to enter judgment in favor of the appellant. Reference is made to the original opinion which appears in 3 Ariz. App. 211, 413 P.2d 270 (1966). The court is of the opinion that the remand for new trial was correct and adheres to that decision.

Appellant has, however, invited the attention of the court to the portion of the opinion dealing with the refusal of its requested instructions Nos. 1 and 1A and the citation in our prior opinion of Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), paragraphs 9 and 10 of the opinion, 3 Ariz. App. at 216, 413 P.2d at 275.

On reconsideration the court believes that this portion of the opinion is confusing and it is ordered withdrawn. In lieu thereof, we substitute the following.

Fluor also complains of failure to give its requested instructions 1 and 1A. Requested instruction No. 1 reads as follows:

"You are instructed that the defendant Fluor Corporation, Ltd., was not an insurer of the safety of Donald Sykes, while he was at his place of work. This means that you may not find against the defendant merely because Mr. Sykes met his death while working at the place and time testified to in this case. Neither is the fact that someone other than this defendant may have negligently caused or contributed to Mr. Sykes's death enough to permit you to return a verdict against the defendant here.

"You may return your verdict for the plaintiff and against the defendant only if you find all of the following things together:

"First, that there existed on the premises a condition unreasonably dangerous to persons working there;

"Second, that this condition was not know to Donald Sykes, and that in exercising reasonable care for his own safety he would not have discovered the peril;

"Third, that this dangerous condition was known to the defendant Fluor Corporation, Ltd., or that in exercising reasonable care it should have been discovered by the Fluor Corporation, Ltd., in time for the defendant to have acted to correct it;

"Fourth, that having or being charged with knowledge of the dangerous condition, the defendant Fluor Corporation, Ltd., failed to use reasonable care to correct it; and

"Fifth, that this failure was a proximate cause of the death of Donald Sykes.

"I have already instructed you that the plaintiff has the burden of proof in this case. Unless you find, therefore, that plaintiff has proved all of the foregoing facts, each by a preponderance of the evidence, then you must return your verdict for the defendant Fluor Corporation, Ltd."

■ Instruction 1A was essentially the same as instruction 1, except paragraph "Second," supra, was omitted. These instructions are in an area of law not discussed in our prior opinion. They deal with the duty of a possessor of premises to licensees and/or invitees upon the premises. A general contractor in control of premises has certain duties to the employees of subcontractors which is usually likened to that of a possessor of land to invitees thereon. Restatement (Second), Torts §§ 332, 343 and 387 (1965); Kuntz v. Del E. Webb Construction Co., 57 Cal.2d 100, 18 Cal.Rptr. 527, 368 P.2d 127 (1961); Greenleaf v. Puget Sound Bridge & Dredging Co., 58 Wash.2d 647, 364 P.2d 796 (1961); Annot. 20 A.L.R.2d 870 (1961). This theory of liability was not discussed in our previous opinion, because it was not pressed in the briefs nor was there showing that the defendant was in charge, as general contractor, of a joint working space, nor responsible for the supplying of air to the vertical tube in which the plaintiff-deceased was working at the time of his death. Therefore, we felt there was no need to discuss this theory of liability.

■ The requested instructions have no pertinency whatsoever to liability for negligence in exercising control retained by Fluor. Section 414, Restatement (Second), Torts. On retrial, if it should develop that there is a factual basis for liability under both the duty of a general contractor to keep the joint working spaces reasonably safe for workmen and under the theory of negligent exercise of controls retained over the work of a subcontractor, then both requested instructions would be erroneous, because they ignore the possibility of liability for retained control in that they provide that there can be liability "* * * only if * * *" all elements of premises liability are present. Addi-

tionally, instruction No. 1 is erroneous in that it attempts to state the law of liability to a licensee, cf. section 342 of the Restatement (Second), Torts, rather than the liability to an invitee, as outlined in section 343, Restatement (Second), Torts. We do not pass upon the propriety of the instructions in other regards.

The motion for rehearing is denied.

HATHAWAY and MOLLOY, JJ., concurring.

NOTE: Chief Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JOHN A. McGUIRE was called to sit in his stead and participate in the determination of this decision.