772 P.2d 1174

Kevin RASHLEY, Plaintiff–Appellant,

v.

Dan WILCOX and Jane Doe Wilcox, Mike Eustice and Jane Doe Eustice, dba Verde Valley Development, Defendants–Appellees.

No. 1 CA–CIV 9792.

Court of Appeals of Arizona, Division 1, Department D.

April 27, 1989.

Ernesto R. Castro, Cottonwood, and Jerry L. Smith, Flagstaff, for plaintiff-appellant.

James A. Simmons, Prescott, for defendants-appellees.

## OPINION

FIDEL, Presiding Judge.

Defendants Dan Wilcox and Mike Eustice do business as Verde Valley Development (VVD). In 1985, acting as its own general contractor and building on land that it owned, VVD constructed the Mountain View Villa Apartments in Yavapai County. It hired various subcontractors and directly employed day laborers for cleanup work. Rick Florida, doing business as Florida Painting, was hired as the painting subcontractor. Plaintiff was employed by Florida as a painter's helper. While stepping on one of several loose boards laid across second-story floor joists, plaintiff fell and was injured. The record does not show who placed the loose planks across the second-floor joists. The evidence indicates, however, that they were used by workers of various subcontractors as a makeshift scaffolding and walkway. Defendants, who were on-site supervisors, knew how workers used the planks.

Plaintiff received worker's compensation benefits through insurance provided by Florida. He also sued defendants, alleging negligence. On July 22, 1987, the trial court entered summary judgment in favor of defendants. Plaintiff has appealed.

We conclude that summary judgment was improperly entered. We find that the evidence permitted the conclusion that defendants violated their duty as general contractor to keep joint work space reasonably safe. *See, e.g., Durnin v. Karber Air Conditioning Co.*, 29 Ariz.Adv.Rep. 26 (App. March 7, 1989).

### Analysis

Defendants state, "The negligent act, if any, which actively and proximately caused [plaintiff] to fall was the Rick Florida decision to adopt a potentially dangerous method of operation." In the absence of evidence that defendants retained control of Florida's method and manner of work, they argue, summary judgment was properly granted.

Defendants correctly assert that plaintiff has introduced no evidence to establish their retention of control over the method and manner of Florida's performance. They are incorrect, however, in contending that such evidence was essential to the plaintiff's claim.

■ Plaintiff would indeed have to advance evidence of defendants' right to control Florida's performance if plaintiff's operative theory were *respondeat superior.* Where a job site worker is injured through the negligence of a subcontractor and attempts to attribute derivative liability to the general contractor, the worker must prove that the general contractor retained control over the negligent subcontractor's method and manner of performance. *German v. Mountain States Telephone & Tel. Co.*, 11 Ariz.App. 91, 462 P.2d 108 (1969).

In this case, however, plaintiff did not attempt to attribute *Florida's negligence* to defendants. Rather, he argued that the defendants failed to meet *their own undelegated duty* to keep joint work space reasonably safe.

■ The evidence established that defendants, the owners of the project, served as their own general contractor, controlled the premises, and coordinated the work of multiple subcontractors, including Florida. In *German*, we recognized that liability may arise from negligent performance of responsibilities thus retained. *Id.* at 94, 462 P.2d at 111.

In *Silvas v. Speros Construction Co.*, 122 Ariz. 333, 334, 594 P.2d 1029, 1030 (App.1979), Division 2 described these duties:

> The general contractor in control of premises has certain duties to the employees of a subcontractor that are usually likened to those of a possessor of land to invitees. *Fluor Corporation, Ltd. v. Sykes*, 3 Ariz.App. 559, 416 P.2d 610 (1966); *Pruett v. Precision Plumbing, Inc.*, 27 Ariz.App. 288, 554 P.2d 655 (1976); *Hall v. Moveable Offshore, Inc.*, 455 F.2d 633 (5th Cir.1972). Thus, [the general contractor] owed to [subcontractors'] employees the duty to keep the joint working spaces reasonably safe. *Allison Steel Manufacturing Co. v. Superior Court*, 22 Ariz.App. 76, 523 P.2d 803 (1974).

More recently our court has reiterated the duty to keep joint work spaces reasonably safe and has explained why that duty attaches to a general contractor who controls the premises:

> [O]nly the general contractor is in a position to control access to the site and also invitee status, and only he can have a comprehensively implementable overall concern for safety on the construction premises.

*Durnin*, 29 Ariz.Adv.Rep. at 28.

■ The evidence in this case permits a factfinder to conclude 1) that unattached second story planking was a common work site hazard; 2) that it was placed as makeshift scaffolding by a subcontractor other than Florida; 3) that it was used not only by Florida's employees but by those of other subcontractors; and 4) that defendants, who supervised the work site, knew

how workers used the planks. On such evidence plaintiff presented a submissible case that defendants were negligent in failing to provide or to require a safer form of scaffolding for common work space use.

Because summary judgment was inappropriately granted, the judgment of the trial court is reversed, and the matter is remanded for the grant of a new trial.

KLEINSCHMIDT, J., and MEYERSON, J. Pro Tem., concur.

Note: The Honorable Bruce Meyerson, Judge *Pro Tempore*, was assigned by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this matter pursuant to Ariz. Const. Art. VI, § 31 and A.R.S. §§ 12–145 to 12–147.