[No. 7013-8-II. Division Two. December 27, 1985.]

ANTHONY J. BOZUNG, ET AL, *Appellants,* v. CONDOMINIUM BUILDERS, INC., *Respondent.*

*Gerald L. Hulscher,* for appellants.

*Ray Hayes, John C. Kouklis,* and *Davies & Pearson, P.C.,* for respondent.

REED, J.—Anthony Bozung appeals from a summary judgment order dismissing his suit for damages against Condominium Builders, Inc. (Builders), for injuries suffered at Builders' construction site. We affirm.

Bozung was an employee of Tucci & Sons, Inc., who was a subcontractor of Builders on the Sunset Plaza Condominium project. Builders was the owner of the project site and the designer and general contractor for the project. Pursuant to a contract with Builders, Tucci was to clear and grade the project site, install water and sewer systems, and pave roads, driveways, and parking areas.

On August 10, 1979, Bozung, a heavy equipment operator, was injured at the site when his Caterpillar scraper rolled over. Bozung's scraper was not equipped with rollover protection equipment, as required by WAC 246–155–950. The area in which the machine rolled over was bounded on one side by a bluff and on the other side by a ravine. Bozung had been directed by Tucci's foreman to take four or five loads of earth fill to an area planned as a cul–de–sac. The accident occurred as Bozung was delivering his second load of fill. In his deposition, Bozung testified that the space in which he had to work "was wide enough for a scraper to get in, normally that's wide enough to back out." At the time of the accident, Tucci was the only subcontractor at the site and Builders was doing no work of its own at the site.

Builders' site superintendent, Milton Robinson, was Builders' only employee on the site at the time of the accident. Robinson's responsibilities were to see that the work was being done according to the plans and on schedule, and to keep trespassers off the premises. However, Robinson's

responsibility with regard to the Tucci's excavating work was primarily limited to ensuring that the work was progressing. Tucci's site preparation work was being done according to the site plans and according to surveyor's stakes that had been placed to show Tucci the location and depth of the roadways. According to Robinson, he dealt only with Tucci's foreman and did not direct Bozung to do anything.

Bozung brought suit against the Caterpillar Tractor Company, since dismissed from this appeal, and against Builders. Bozung's argument for Builders' liability for his injuries was threefold. First, Bozung alleged that Builders had retained sufficient control over the subcontractor's work to subject it to liability. Second, he alleged that Builders had breached its common law duty, and third, its statutory duty to provide a reasonably safe place to work. The trial judge granted Builders' motion for summary judgment.

When reviewing an order of summary judgment, the appellate court engages in the same inquiry as the trial court. *Zehring v. Bellevue,* 99 Wn.2d 488, 493, 663 P.2d 823 (1983), *vacated on other grounds on rehearing,* 103 Wn.2d 588, 694 P.2d 638 (1985). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c). The court must consider the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party and determine whether reasonable persons could reach but one conclusion from all the evidence. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

We first address the issue of retained control. The general, common law rule is that one who employs an independent contractor is not liable for injuries to the employees of the independent contractor resulting from their work. *Tauscher v. Puget Sound Power & Light Co.,* 96 Wn.2d 274, 277, 635 P.2d 426 (1981). An exception to the general rule of nonliability exists where the employer of the

independent contractor retains control over some part of the work. *Kelley v. Howard S. Wright Constr. Co.,* 90 Wn.2d 323, 330, 582 P.2d 500 (1978); Restatement (Second) of Torts § 414 (1965). Under this exception, the employer is liable for injuries to the employees of the independent contractor caused by the employer's failure to exercise that control with reasonable care. Restatement (Second) of Torts § 414 (1965). The test of control is not the actual interference with the work of the subcontractor but the right to exercise such control. *Kelley,* 90 Wn.2d at 330–31.

Decisions from this state and from other jurisdictions illustrate that retention of control over safety practices and a failure to reasonably exercise that control is an almost necessary predicate to a finding of liability on the part of the employer or general contractor. In *Kelley v. Howard S. Wright Constr. Co.,* the general contractor had general supervisory and coordinating authority under its contract not only for the work itself, but also for compliance with safety standards. That retention of control alone was sufficient to establish the general contractor's duty to see that proper safety precautions were taken, and the general contractor's liability for a failure to perform that duty. In *Kelley,* the presence of safety nets, a well recognized safety measure, could have prevented injury from slipping and falling, a common construction mishap. The *Kelley* court relied, in part, upon *Smith v. United States,* 497 F.2d 500 (5th Cir. 1974), in which the general contractor retained sufficient control to establish liability for injuries to an employee of the subcontractor because it had contracted to assume responsibilities for safety. *See also Summers v. Crown Constr. Co.,* 453 F.2d 998 (4th Cir. 1972); *Parker Drilling Co. v. O'Neill,* 674 P.2d 770 (Alaska 1983); *Moloso v. State,* 644 P.2d 205 (Alaska 1982); *Funk v. General Motors Corp.,* 392 Mich. 91, 220 N.W.2d 641 (1974).

The relationship between Builders and Tucci does not exhibit any of the attributes of control found sufficient in the cited cases to warrant liability on the part of the general contractor for injuries suffered to an employee of the

subcontractor. Builders neither exercised control over nor retained any right to control the method of Tucci's work or Tucci's safety practices. The contract between the parties is entirely silent as to safety practices. Builders' actual supervisory control over Tucci's work, as evidenced by the contract, appears limited to that which is usually reserved to general contractors. Such general contractual rights as the right to order the work stopped or to control the order of the work or the right to inspect the progress of the work do not mean that the general contractor controls the method of the subcontractor's work. *See* Restatement (Second) of Torts § 414, comment *c* (1965).

Further, the work site in the present case was not a common work site because Tucci was the only contractor active on the site at the time of the accident. Thus, the policy justification for placing ultimate responsibility on the general contractor for job safety in common work areas is not present here. *See Kelley,* 90 Wn.2d at 331; *Funk,* 392 Mich. at 104.

As another basis for Builders' liability for his injuries, Bozung asserts that Builders breached its common law duty to provide a safe workplace. That common law duty derives from the fact that an employee of an independent contractor enjoys the status of an invitee of the owner of the premises on which he is working. *Greenleaf v. Puget Sound Bridge & Dredging Co.,* 58 Wn.2d 647, 651, 364 P.2d 796 (1961); *Golding v. United Homes Corp.,* 6 Wn. App. 707, 710, 495 P.2d 1040 (1972). That duty includes an obligation of the owner to keep the premises under his control reasonably safe and to warn of dangers which are not obvious to the employee but are known to or discoverable by the owner in the exercise of reasonable care. *Lamborn v. Phillips Pac. Chem. Co.,* 89 Wn.2d 701, 708, 575 P.2d 215 (1978); *Greenleaf,* 58 Wn.2d at 651.

With respect to obvious dangers, a landowner is not liable for harm caused unless he should have anticipated the harm despite the obviousness of the danger or the employee's knowledge of the danger. *Jarr v. Seeco Constr. Co.,* 35

Wn. App. 324, 326, 666 P.2d 392 (1983); Restatement (Second) of Torts § 343A (1965). Although the invitee or employee may be under a duty to avoid harm likely to result from obvious dangers, he may not be in a position to fully appreciate the risk, or avoid the danger even though aware of it as, for example, when his duties as employee may require his unavoidable exposure to it. *Napoli v. Hellenic Lines, Ltd.*, 536 F.2d 505, 508 (2d Cir. 1976); Restatement (Second) of Torts § 343A, comment *f* (1965). If the landowner has reason to expect that the invitee will, in such cases, nevertheless suffer injury, his duty "may require him to warn the invitee or to take other reasonable steps to protect him, against the known or obvious condition or activity." Restatement.

Bozung's argument is that summary judgment was improper because both the obviousness of the danger presented by the slope upon which Bozung was working and the scope of Builders' duty with respect to that danger are factual questions for the jury. *Bernethy v. Walt Failor's, Inc.*, 97 Wn.2d 929, 933, 653 P.2d 280 (1982). However, before we can address that argument, we must consider whether any duty existed on Builders' part. The existence of a duty is a question of law. *Bernethy v. Walt Failor's, Inc., supra.* Whether a duty exists here is initially dependent upon whether Builders knew of the condition that caused Bozung's injury *and* whether Builders should have realized that that condition involved an unreasonable risk of harm to Bozung. *Pearce v. Motel 6, Inc.*, 28 Wn. App. 474, 479, 624 P.2d 215 (1981); Restatement (Second) of Torts § 343A (1965).

Builders put forward evidence to show that it did not have experience in the earth moving business and that Builders considered Tucci to be a specialist in that business. Thus Builders did not attempt, either by contract or in fact, to control how Tucci performed its work. Accordingly, in its argument in support of its motion for summary judgment, Builders asserts that it "had no reason to know of the alleged work hazard that led to plaintiff's injuries."

Once the moving party has met its burden of offering factual evidence showing its entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Graves v. P.J. Taggares Co.,* 94 Wn.2d 298, 302, 616 P.2d 1223 (1980). A "material fact" is one upon which the outcome of the litigation depends. *Jacobsen v. State,* 89 Wn.2d 104, 108, 569 P.2d 1152 (1977). A material fact here is whether Builders knew or should have known that a dangerous condition existed.

Although Bozung alleges in his complaint that the area in which the accident occurred "was known to defendant to be a hazardous and dangerous place to operate earth moving equipment," that allegation alone is insufficient to show the existence of a genuine issue of material fact. A party seeking to avoid summary judgment cannot simply rest on the allegations in his pleadings. He must affirmatively present factual evidence upon which he relies. *Mackey v. Graham,* 99 Wn.2d 572, 576, 663 P.2d 490, *cert. denied,* 464 U.S. 894 (1983). Bozung did present evidence that Builders knew of the condition of the land because it was the designer of the project, and, as designer, it considered the contours of the land in the design plans and specifications. However, Bozung presented no evidence that Builders knew or should have realized that the condition of the land was dangerous to Tucci's employees, that is, whether that condition involved an unreasonable risk of harm. Indeed, Bozung presented no evidence that the condition was even dangerous.[1]

Further, even if we assume that the dangerous condition existed and was known or was obvious to both parties, Bozung presented no evidence that Builders should have anticipated his injury despite such knowledge or obvious-

---

[1]Bozung put forward neither expert nor lay testimony, nor documentary evidence such as photographs, showing the condition to be dangerous to Tucci's employees. However, because Builders put forward no evidence that the condition was not dangerous, Bozung was not put to his proof on this issue at the summary proceeding stage.

ness. *See* Restatement § 343A. Again, it is uncontroverted that Builders was not experienced in or knowledgeable about the excavating and earth moving business, and that Tucci, on the other hand, was an experienced contractor in that business. Additionally, Builders did not control nor did it have the right to control the method of Tucci's work. Under these circumstances, we fail to see how Builders should have anticipated the harm to Bozung or that Tucci would fail to take reasonable measures to protect its employees against the obvious danger.

Bozung asserts, as a third basis for Builders' liability for his injuries, that RCW 49.17.060[2] imposes a duty on all employers to furnish a reasonably safe place of work for all employees, including those of a subcontractor. Appellant's argument is based upon the holdings in *Kelley v. Howard S. Wright Constr. Co.,* 90 Wn.2d at 332–33, and in *Bayne v. Todd Shipyards Corp.,* 88 Wn.2d 917, 920–21, 568 P.2d 771 (1977). *Kelley* and *Bayne* held that RCW 49.16.030, the predecessor of RCW 49.17.060, imposed a nondelegable duty on general contractors to provide a safe workplace for all workers at the work site. *Kelley v. Howard S. Wright Constr. Co., supra; Bayne v. Todd Shipyards Corp., supra.*

 Those cases are inapposite to the present case because the language of the current statute differs from that of the former statute. RCW 49.16.030 made it a duty of "every employer" to furnish a safe place for "workmen." RCW 49.17.060 makes it the duty of "each employer" to "furnish to each of *his employees*" a safe place to work. (Italics ours.)

An employer's duty under RCW 49.17.060 is twofold: The

---

[2]RCW 49.17.060. Each employer:

"(1) Shall furnish to each of his employees a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to his employees: *Provided,* That no citation or order assessing a penalty shall be issued to any employer solely under the authority of this subsection except where no applicable rule or regulation has been adopted by the department covering the unsafe or unhealthful condition of employment at the work place; and

"(2) Shall comply with the rules, regulations, and orders promulgated under this chapter."

first is a "general duty" imposed on an employer to protect his employees from hazards that are likely to cause death or serious bodily injury. *Goucher v. J.R. Simplot Co.,* 104 Wn.2d 662, 709 P.2d 774 (1985). The second is a "specific duty" imposed on an employer to comply with the Washington Industrial Safety and Health Act (WISHA) regulations. *Goucher v. J.R. Simplot Co., supra.* The scope of the "specific duty" under the federal counterpart to RCW 49.17.060, 29 U.S.C. § 654(a), has been subject to varying interpretations by federal courts. Federal courts, however, appear to recognize that the scope of the "general duty" under 29 U.S.C. § 654(a)(1) is restricted to an employer's own employees. *See, e.g., Teal v. E.I. DuPont de Nemours & Co.,* 728 F.2d 799, 804 (6th Cir. 1984); *Brennan v. Occupational Safety & Health Review Comm'n,* 513 F.2d 1032, 1038 (2d Cir. 1975). Our State Supreme Court recently adopted the interpretation of *Teal v. I.E. DuPont de Nemours & Co., supra,* with regard to the scope of an employer's duty, both general and specific. *Goucher,* 104 Wn.2d at 672. As such, Builders violated no duty to Bozung under the general duty clause, RCW 49.17.060(1), because Bozung was not an employee of Builders.

The scope of the specific duty under RCW 49.17.060(2), according to the interpretation of the *Teal* court as adopted in *Goucher,* extends to *all* employees who may be harmed by an employer's violation of WISHA regulations. Because Bozung does not assert that Builders violated any WISHA regulations, Builders would not have breached any duty under the specific duty clause.

Bozung, however, contends that Builders should be held responsible for Tucci's violation of WISHA regulations. Tucci apparently violated WAC 296–155–950, which requires rollover protection equipment on scrapers. The *Goucher* court did not reach the question of a general contractor's responsibility for injuries caused by a subcontractor's violation of WISHA regulations. Federal courts, however, have held that an employer's responsibility for safety violations under the specific duty clause is limited to

those violations which the employer reasonably could have been expected to prevent or abate by reason of its supervisory authority. *See Marshall v. Knutson Constr. Co.*, 566 F.2d 596, 601 (8th Cir. 1977). Even if we accept this interpretation, Builders would not be responsible for Tucci's violation of safety regulations. As we have determined previously, Builders' supervisory responsibility did not extend to control over the manner of Tucci's performance nor did it extend to control over safety practices. The policy underlying the statutory requirement that an employer comply with safety regulations for the protection of all employees would be stretched beyond reason if Builders would be liable, under the facts of this case, for injuries caused by Tucci's failure to provide rollover protection on its scrapers.

Thus, Builders had no statutory duty that encompasses responsibility for Bozung's injuries. Because no duty existed as a matter of law, summary judgment on this issue was proper.

We affirm the trial court's summary judgment order.

WORSWICK, C.J., and ALEXANDER, J., concur.