**Feliciano FARIAS, Plaintiff—
Appellant,**

v.

**UNITED STATES of America,
Defendant—Appellee.**

No. 01–35671.

D.C. No. CV–00–05593–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 10, 2002.

Before BROWNING, B. FLETCHER and GOULD, Circuit Judges.

MEMORANDUM *

Farias appeals the district court's summary judgment in favor of the United States in his action for damages under the Federal Tort Claims Act (FTCA). While employed by a civilian contractor to provide custodial services to the Madigan Army Medical Center, Farias was injured by a falling mass of snow that had collected on the roof of a covered walkway. Farias argues that as a business invitee, Madigan owed him a duty of care to remove or warn him about the hazard. Madigan argues that it owed a more limited duty because Farias was the employee of an independent contractor. We review a grant of summary judgment de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000), and we reverse.

In Washington, the common law duty to provide a safe workplace "derives from the fact that an employee of an independent contractor enjoys the status of an invitee of the owner of the premises on which he is working." *Bozung v. Condominium Builders, Inc.*, 42 Wash.App. 442, 711 P.2d 1090, 1093 (Wash.Ct.App.1985). Although the owner of premises "owes no duty to protect the servant of an independent contractor from the negligence of his own master ... [t]he general rule is that the owner of premises owes to the servant of the independent contractor employed to perform work on his premises the duty to avoid endangering him by his own negligence or affirmative act." *Kamla v. The Space Needle Corp.*, 105 Wash.App. 123, 19 P.3d 461, 467 (Wash.Ct.App.2001). Specifically, "[t]he duty owed to an invitee is to exercise reasonable care to maintain the premises in a reasonably safe condition, or to warn the invitee of any danger...." *Hartman v. Port of Seattle*, 63 Wash.2d 879, 389 P.2d 669, 672 (Wash.1964). A property owner's duty to protect the employees of an independent contractor against safety hazards is mitigated only to the extent that the owner has ceded control over the work area to the contractor. *Cf. Hennig v. Crosby Group, Inc.*, 116 Wash.2d 131, 802 P.2d 790, 791–92 (Wash. 1991). Madigan thus had a duty to maintain the premises under its control in a reasonably safe manner or to warn invitees about potential safety hazards.

In granting Madigan's pre-discovery motion for summary judgment, the district court noted that Madigan was required to protect Farias against hidden dangers, but held that summary judgment was proper because Farias had not asserted that the snow on the roof was "concealed."[1] Thus,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. In the context of hidden dangers on property, Washington courts have held that "[l]atency is a factual question, which must usually be decided by a jury." *Cultee v. City of Tacoma*, 95 Wash.App. 505, 522, 977 P.2d 15 (1999). In evaluating a motion for summary judgment on the question of a hidden danger, summary judgment is appropriate only "[w]hen reasonable minds could reach but one conclusion from the evidence presented." *Van Dinter v. City of Kennewick*, 121 Wash.2d 38, 846 P.2d 522, 527 (Wash.1993) (internal quotations and citations omitted). It is unclear why the district court concluded that reasonable minds could have reached only the conclusion that the snow on the walkway roof was not a hidden danger. Although the fact that snow was present on the roof may have been obvious, the depth (and dangerousness) of the snow that might have slid from it would not have been obvious.

Farias presented statements of fact in his affidavit describing the physical properties of the walkway and stairway, the weather conditions, and the events immediately preceding his accident, and photographs entered into evidence both by him and by Madigan show the physical properties of the covered walkway where he was injured. This evidence provides a sufficient basis on which a jury might conclude that the hazard of the snow

the district court assumed that the duty of a landowner to the employees of an independent contractor extends only to warning them about latent dangers on the property. However, the Supreme Court of Washington has held that a landowner may owe the employees of an independent contractor a duty of protection even against "known or obvious dangers." *Tincani v. Inland Empire Zoological Soc.*, 124 Wash.2d 121, 875 P.2d 621 (Wash.1994). Adopting the position of the Restatement (Second) of Torts § 343A, the court explained that a landowner bears this duty "when a possessor 'should anticipate the harm despite such knowledge or obviousness,'" and that:

> "[R]eason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be *distracted*, so that he [or she] will not discover what is obvious, or *will forget* what he [or she] has discovered, or fail to protect... against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable [person] in [that] position the *advantages* of doing so would *outweigh the apparent risk*." Distraction, forgetfulness, or foreseeable, reasonable advantages from encountering the danger are factors which trigger the landowner's responsibility to warn of, or make safe, a known or obvious danger.

was not obvious, and the trial court thus abused its discretion in making the pre-discovery factual determination that there was no hidden danger because "[t]he presence of the snow was as obvious to Mr. Farias as it was to the landowner."

2. The facts of this case suggest such a circumstance. Assuming, *arguendo*, that the stacked snow was an obvious hazard, it may nevertheless be reasonable to presume that a custodian whose job requires him to shovel walk-

*Id.* (emphasis in original, citations omitted). The district court thus misapplied Washington law when it concluded that Madigan's only duty to Farias was to protect him against hidden dangers; Madigan was also required to protect against obvious dangers if it was foreseeable that a reasonable invitee might nevertheless encounter the danger because of the distractions or requirements of his job.[2]

Summary judgment was premature because the district court failed to consider whether Farias had presented sufficient evidence that Madigan had breached this duty under Washington law. REVERSED and REMANDED.

ways might be injured from snow falling from the roof because (1) he may be "distracted" by the fact that snow shoveling requires a downward visual focus and not appreciate the hazard, and (2) it is foreseeable that he may "reasonably encounter the known risk" because his job requires that he do so (he could not shovel the walkway without positioning himself under the roof's edge and at risk of falling snow).