IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NEWWAY FORMING, INC. | No. 86791-1-I |
| Appellant, | |
| v. | DIVISION ONE |
| CITY OF SEATTLE, | ORDER GRANTING MOTION TO PUBLISH |
| Respondent. | |

Respondent, City of Seattle, moved for publication of the opinion filed on October 13, 2025 and appellant, Newway Forming, Inc., filed an answer to the motion, opposing publication. A majority of the panel has determined that the motion should be granted.

Now, therefore, it is hereby

ORDERED that the motion to publish is granted.

FOR THE COURT:

_Díaz, J._

_____, ACJ  _____

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NEWWAY FORMING, INC.<br><br>               Appellant,<br><br>       v.<br><br>CITY OF SEATTLE,<br><br>               Respondent. | No. 86791-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — The City of Seattle's Office of Labor Standards (OLS) determined that Newway Forming, Inc., (Newway) violated numerous workers' rights protections guaranteed under the Seattle Municipal Code and ordered Newway, among others, to pay a fine exceeding two million dollars. After the Office of the Seattle Hearing Examiner (examiner) affirmed OLS's order, Newway petitioned the superior court under RCW 7.16.040 for a statutory writ of review, which it denied. Newway now asks us to reverse that ruling, asserting the court should have granted the writ because the examiner acted "illegally." We disagree and affirm.

## I.    BACKGROUND

In 2018, Newway, a concrete-forming company, orally sub-contracted with Baja Concrete USA Corp. (Baja) to service its projects at several Seattle construction worksites. In 2020, the OLS investigated Newway—along with Baja

and a site superintendent and manager from each company—for violating municipal workers' rights ordinances at sites where Newway operated from 2018-2020.

After interviewing some of Newway and Baja's employees, OLS found Newway liable as a joint employer with Baja for numerous ordinance violations, including for non-payment of overtime, paid sick leave, meal and rest breaks, and the statutory minimum wage, as well as non-compliance with wage theft and recordkeeping ordinances. OLS ordered inter alia Newway to compensate the affected workers and to pay a "complete financial remedy" exceeding two million dollars.

Newway appealed the OLS order to the examiner, which conducted a 14-day hearing, including taking supplemental testimony from affected workers. The examiner considered the evidence in the record de novo and the briefing and arguments from counsel, in deciding whether OLS had made its case by a preponderance of the evidence. The examiner made detailed factual findings and conclusions of law, and ultimately affirmed OLS's order as to Newway. In relevant part, it concluded that Newway and Baja were joint employers of the affected workers, each liable for the unpaid wages, interest, liquidated damages, and civil penalties OLS had ordered.

Newway appealed the examiner's decision by filing an application to the superior court for a statutory writ of review. The court denied the writ and dismissed it with prejudice, concluding it "f[ound] no errors of law in the record below." Newway timely appeals.

2

## II.  ANALYSIS

### A.  "Illegality" Under RCW 7.16.040

Newway argues the court erred in denying its writ because the examiner acted "illegally" when it concluded it was a joint employer of the affected workers. Newway contends that conclusion was "contrary to Washington law . . . [a]s *a matter of law*." (Emphasis added.)  We disagree.

There are two classes of writs: a constitutional writ and a statutory writ.  *Fed. Way Sch. Dist. No. 210 v. Vinson*, 172 Wn.2d 756, 767, 261 P.3d 145 (2011).  As to the latter, RCW 7.16.040 provides:

> [a] writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one *acting illegally*, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

(Emphasis added.)  In pertinent part, the petitioner must show an inferior tribunal exercising judicial functions exceeded its jurisdiction or *acted illegally* and there is no adequate remedy at law.  *Wash. Pub. Emps. Ass'n v. Wash. Pers. Res. Bd.*, 91 Wn. App. 640, 646, 959 P.2d 143 (1998);  *City of Seattle v. Holifield*, 170 Wn.2d 230, 240, 240 P.3d 1162 (2010) (noting a superior court may *only* grant a statutory writ pursuant to RCW 7.16.040 when "an inferior tribunal has (1) exceeded its authority or acted illegally, and (2) no appeal nor any plain, speedy, and adequate remedy at law exists.")  If any of these elements is absent, there is no basis for superior court review.  *Clark County PUD No. 1 v. Wilkinson*, 139 Wn.2d 840, 845, 991 P.2d 1161 (2000).

In *Holifield*, our Supreme Court refined the meaning of the term "acting illegally." 170 Wn.2d at 241-46. It held that an inferior tribunal, board, or officer exercising judicial functions "acts illegally" when it:

> (1) has committed an obvious error that would render further proceedings useless; (2) has committed probable error and the decision substantially alters the status quo or substantially limits the freedom of a party to act; or (3) has so far departed from the accepted and usual course of judicial proceedings as to call for the exercise of revisory jurisdiction by an appellate court.

*Id.* at 244-45.

The Court further held that its three-standard definition for "acting illegally" was not *"so lax [as to mean] that the writ applies"* simply *"to correct mere errors of law."* *Id.* at 245 (emphasis added). The Supreme Court went on to hold that "these are *very demanding* standards," *State v. Chelan County Dist. Ct*, 189 Wn.2d 625, 631, 404 P.3d 1153 (2017) (emphasis added), because a statutory writ is an "extraordinary remedy" which should be used "sparingly." *Holifield*, 170 Wn.2d at 239-40 (internal quotations and citation omitted). This court has also cautioned against "broaden[ing] the scope of the statutory writ so as to be generally available rather than to be an extraordinary remedy as consistently held." *Dep't of Lab. & Indus. v. Bd. of Indus. Ins. Appeals*, 186 Wn. App. 240, 247, 347 P.3d 63 (2015).

Here, Neway's argument fails for three reasons.

First, it is undisputed that the examiner availed itself of the test courts have adopted for analyzing whether a joint employment relationship exists. Namely, the court applied the "fact-intensive" test announced in *Becerra Becerra v. Expert Janitorial*, 181 Wn.2d 186, 194, 196, 332 P.3d 415 (2014), which incorporated a similar test under the federal Fair Labor Standards Act, 29 US §§ 201-219, and

Washington's Minimum Wage Act, chapter 49.46 RCW. Known as the "economic reality" test, it involves the consideration of 13 nonexclusive factors. *Id.* at 196-97.[1]

In its briefing, Newway does not argue the court used the incorrect legal test and, at oral argument, Newway acknowledged the examiner used the right test. Wash. Ct. of Appeals oral argument, *Newway Forming Inc. v. City of Seattle*, No. 86791-1-I (Sept. 10, 2025), at 1 min., 56 sec. through 2 min., 1 sec. *video recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-1-court-of-appeals-2025091140/?eventID=2025091140. Moreover, Newway clarified it did not claim that the court applied some additional incorrect legal standard either. *Id.* at 2 min., 1 sec. through 2 min., 21 sec.

Thus, Newway effectively concedes that the examiner did not commit any error of law—which is a necessary but not sufficient condition for obtaining a statutory writ of review under RCW 7.16.040—and at most committed an improper application of the right law to the facts here. *Holifield*, 170 Wn.2d at 240.

---

[1] Specifically: (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) whether the work was a specialty job on the production line; (7) whether responsibility under the contracts between a labor contractor and an employer pass from one labor contractor to another without material changes; (8) whether the premises and equipment of the employer are used for the work; (9) whether the employees had a business organization that could or did shift as a unit from one worksite to another; (10) whether the work was piecework and not work that required initiative, judgment or foresight; (11) whether the employee had an opportunity for profit or loss depending upon the alleged employee's managerial skill; (12) whether there was permanence in the working relationship; and (13) whether the service rendered is an integral part of the alleged employer's business. *See Becerra*, 181 Wn.2d at 196-97.

Second, Newway fails to even argue that the court's error meets any one of the three more "demanding" applicable standards for an illegal act. *Id.* at 244-45; *Chelan County Dist. Ct.*, 189 Wn.2d at 631. Nowhere in its briefing does Newway acknowledge our Supreme Court's tri-part definition for what it means to act "illegally" under RCW 7.16.040, let alone attempt to explain why its claim fits one of its three standards. *Id.*

Instead, Newway misstates the holding of *Holifield* by citing to one of several prior competing interpretations of the term "acting illegally." 170 Wn.2d at 244-45. Newway claims the opinion held that "correcting errors of law is within the scope of acting illegally and that writs of review shall be issued in order to correct errors of law." (Citing *Holifield*, 170 Wn.2d at 241-43.) In fact, the Court in *Holifield* held precisely the contrary, holding that its three definitions were not "so lax" that the writ applied "to correct mere errors of law." *Id.* at 245. For the first time at oral argument, Newway agreed it must show more than mere legal error. *See* Wash. Ct. of Appeals oral argument, *supra* at 2 min., 50 sec. through 3 min., 15 sec. Thus, Newway's claim fails as it has not provided substantive argument that its alleged error surpasses a mere obvious or probable error of law.

Third, even reaching the merits of Newway's argument that the court erred in applying the economic reality test, we hold its claim fails for two additional reasons.

Newway cites to no binding authority. Save one, each contention it proceeds to make about the *Becerra* factors either lacks any citation to legal

6

authority or cites to non-Washington case law.[2]

Finally, there is substantial evidence for its findings applying the *Becerra* factors, in support of its ultimate conclusion.

We use two standards of review to assess Newway's appeal. Overall, we review a superior court's decision denying a statutory writ of review de novo. *Holifield*, 170 Wn.2d at 240. But a more deferential standard applies to the specific error Newway alleges, which is that the examiner "misapplied the facts" in determining whether Newway was a joint employer. Wash. Ct. of Appeals oral argument, *supra* at 3 min., 14 sec. through 3 min., 44 sec. In other words, although the ultimate determination of a joint employment relationship is a conclusion of law, "the existence and degree of each factor is a matter of fact within the court's discretion." *Becerra Becerra v. Expert Janitorial, LLC*, 176 Wn. App. 694, 705-06, 309 P.3d 711 (2013), *aff'd* 181 Wn.2d at 200. Thus, we review such findings of fact under a substantial evidence standard, which asks whether the record contains "a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." *Sunnyside Vly Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). If this standard is satisfied, we do not substitute our judgment even if we might have resolved a factual question differently. *Id.* at 879-80.

In determining Newway was a joint employer, the examiner made findings

---

[2] The single Washington case Newway cites—concerning just *one* of the *Becerra* factors—does not examine the economic reality test for joint employment determinations. (Citing *Bozung v. Condo. Builders, Inc.*, 42 Wn. App. 442, 711 P.2d 1090 (1985).)

as to each one of the 13 *Becerra* factors.[3] It found that eight factors favored the conclusion Newway was a joint employer. We hold there is substantial evidence for the examiner's findings.

As to factor 1, the nature and degree of control Newway had over the workers, the examiner noted the hearing testimony established Newway determined the order and scope of the work that would be done at its worksites.

As to factor 2, the degree of supervision, it found Newway supervised the workers because the evidence established they received work assignments from Newway foremen and superintendents, that Newway representatives answered questions asked by workers and corrected their mistakes, and Newway foremen engaged in daily oversight of the workers and sometimes reassigned them. At oral argument, the City of Seattle similarly mentioned the workers' testimony indicated it was the Newway foremen on site each day who mostly answered the workers' questions, rather than a Baja supervisor who dropped them off and picked them up. Wash. Ct. of Appeals oral argument, *supra* at 10 min., 27 sec. through 10 min.,

---

[3] As Newway acknowledged at oral argument there is no transcription in the record before us of the underlying hearing testimony which the examiner's findings rely upon. Wash. Ct. of Appeals oral argument, supra at 7 min., 15 sec. through 7 min., 30 sec. It is Newway who "bears the burden of perfecting the record on appeal so as to ensure that the reviewing court is apprised of all necessary evidence to decide the issues presented" as the appellant. *Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co.*, 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021); RAP 9.2(b); *see also State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012) ("The party presenting an issue for review has the burden of providing an adequate record to establish such error[.]"). We nonetheless proceed to review the examiner's factual findings for substantial evidence because, with a minor exception, Newway does not actually contest the existence or veracity of the evidence the examiner referred and alluded to in its findings and we may thus treat such unchallenged findings of fact as verities on appeal. *Zunino v. Rajewski*, 140 Wn. App. 215, 220, 165 P.3d 57 (2007).

47 sec.  The examiner also noted Newway required workers to attend weekly events which it sponsored and controlled.

As to factor 3, the power to determine pay rates or methods of payment, the examiner noted Newway required workers to sign in and out every day using a timeclock it provided so that it could verify the accuracy of Baja's submitted invoices.  At oral argument, the City of Seattle noted that Newway did not require any of its other subcontractors, aside from the workers provided by Baja, to sign in with that timeclock.  Wash. Ct. of Appeals oral argument, *supra* at 12 min., 26 sec. through 12 min., 42 sec.  The examiner also found Newway was in control of whether Baja could pay the workers because the evidence established it was the source of *Baja's* payments and approved Baja's invoices and timesheets.

As to factor 4, the right—indirectly or directly—to hire, fire, or modify employment conditions, the examiner found Newway determined Baja's hiring needs by conveying the number of workers which it needed.  It noted that, although it was not clear whether Newway had *direct* firing power, the testimony established Newway did have the power to deny the laborers work, by directing Baja not to bring them to the worksite.

As to factor 5, the preparation of payroll and payment of wages, the examiner noted that, while a different entity was paid to process the workers' payroll, the hearing testimony had established Newway actively reviewed timesheet submissions prior to the payroll processing and was responsible for paying Baja for invoiced labor.

As to factor 8, premises and equipment, the examiner found Newway

9

controlled the premises based on evidence it had two trailers on site, one of which housed the timeclock it provided to the workers and required them to use. It also found Newway owned much of the tools the workers handled at the site, given evidence that they used numerous pieces of Newway's larger, powered equipment.

As to factor 9, whether employees had a business organization that shifted as a unit from one worksite to another, the examiner noted that all the workers testified they worked exclusively at one or more of Newway job sites during the time period covered by the investigation. It also noted evidence indicating Baja had registered in Washington to provide Newway with workers.

As to factor 13, whether service rendered was an integral part of the alleged employer's business, it found the workers' cement-finishing labor was critical for Newway to fulfill its own duties as a contractor because the evidence established their absence would have impeded its capacity to perform the jobs it was hired to complete, and the services the workers actually rendered were integral to its business. It noted it was clear the workers were necessary for Newway, given evidence that its own workers also performed the same tasks, but Newway still sought to acquire them as additional laborers from Baja.

All of this unchallenged evidence would suffice to persuade a rational, fair-minded person that eight of the factors indeed reflected the existence of a joint employment relationship. *Sunnyside*, 149 Wn.2d at 879-80. In turn, the court did not err in its ultimate conclusion that Newway was a joint employer. *Becerra*, 176 Wn. App. at 705-06.

In contending otherwise, Newway misconstrues the flexible nature of the joint employment test and our standard for assessing substantial evidence. Newway argues that some of the factors did not favor the conclusion it was a joint employer, and that the examiner held there was not sufficient evidence in the record for it to make a finding on several of the factors one way or the other. In other words, Newway appears to be basing many of its arguments on the idea that the examiner did not tally up enough of the factors sufficient to support its ultimate conclusion. Such reasoning fails to recognize that the Supreme Court held the *Becerra* factors should not be applied mechanically or in a particular order. 181 Wn.2d at 198. What's more, the Court held the determination of a joint employment relationship "'does *not* depend on'" isolated factors but rather, is based "'upon the circumstances of the *whole* activity.'" *Id.* (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730, 67 S. Ct. 1473, 91 L. Ed. 1772 (1947)) (emphasis added). The examiner was not required, let alone *permitted,* to treat any particular factor or number of factors to be determinative. *Becerra*, 181 Wn.2d at 198.

Newway's similar assertions that the examiner "ignored" certain evidence in its findings on a particular factor are equally unavailing because the question is whether there was substantial evidence for what the examiner did find, even if some evidence existed which could have supported a contrary result. *See Bowers v. Pollution Control Hr'gs Bd.*, 103 Wn. App. 587, 602 n.15, 13 P.3d 1076 (2000) (holding that the mere assertion some evidence may support an inconsistent conclusion does not render a finding unsupported by substantial evidence).

For the foregoing reasons, the superior court did not err in denying its petition for a statutory writ of review.

III.     CONCLUSION

We affirm.

_____Díaz, J._____

WE CONCUR:

_____, ACJ     _____