JAMES C. JONES, Governor, &c., *v.* MARTIN HENDERSON, SHERIFF, and his Sureties.

PRACTICE AT LAW.—*Mistake.—Judgment upon Motion against Sheriff and Sureties.*

Where in a motion against a sheriff and his "securities," the name of one of the sureties in the sheriff's bond was omitted by mistake, held, not to vitiate a judgment rendered against all the sureties.

On the 9th of January, 1844, Attorney General D. H. CUMMINGS, moved in the circuit court of Monroe county for a judgment against "Martin Henderson, Sheriff of Monroe, and Street Lane, R. R. Cloudis and J. J. Humphreys, *his securities*," for the State revenue collected by the defendant as Sheriff for the year 1842. In this motion the name of William Burris, one of the defendant's securities, was not recited. The defendant's bond was read in evidence, in which it appears that Burris was one of his securities. Judgment was rendered against them all, together with damages at the rate of 12½ *per cent*. At the May term of the circuit court of Monroe for the year 1850, the securities petitioned in the nature of a Writ of Error *Coram Nobis*, and brought the case before his Honor Judge Alexander for a reconsideration, and prayed that the judgment might be vacated.

It was contended that as the name of Burris was not recited in the motion, the judgment was erroneous. To sustain this position *Rice vs. Kirkman*, 3 Hum. 415; and *Houston v. Dougherty*, 4 Hum. 505, were cited.

His Honor, Judge Alexander, vacated the judgment, and the Attorney General appealed.

THE ATTONEY GENERAL for the Governor.

VANDYKE and STEPHENS for defendants.

(1) See Chairman County Court &c., v. Sawyers v. Sureties, *Infra*. next case.

These statutes being in derogation of the common law are to be construed strictly, and the words of the statute "officer and his sureties" mean all his sureties, and motion will not lie against part of them. Rice v. Kirkmen, 3 Humph 415-418; Hoston v. Dougherty, 4 Humph. 505-6.

See the Code, 3583 *et seq*.

McKinney, Judge, delivered an oral opinion in which it was held, that judgment was properly rendered in the first instance against the Sheriff and his securities; that the omission of the name of Burris in the motion, which was probably an act of inadvertance on the part of the clerk, would not exonerate them.

The judgment of the circuit judge was therefore *reversed*, and *procedendo* awarded.