[Cite as *Weller v. Salasek*, 2015-Ohio-5192.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TREVOR M. WELLER, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 15CAE040033 |
| | : | |
| RYAN SALASEK, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court
                                 of Common Pleas, Case No. 14 CV C
                                 01 0011

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          December 10, 2015

APPEARANCES:

For Plaintiffs-Appellants:                 For Defendants-Appellees:

GEORGE R. ORYSHKEWYCH                       PAUL-MICHAEL LA FAYETTE
6100 Oak Tree Blvd. Ste. 200                POLING LAW
Independence, OH 44131                      300 East Broad St., Ste. 350
                                           Columbus, OH 43215

*Delaney, J.*

{¶1}　Appellant Trevor M. Weller appeals from the March 24, 2015 Judgment Entry granting the motion for summary judgment of appellees Ryan Salasek and Stark County Park District.

## FACTS AND PROCEDURAL HISTORY

{¶2}　The Delaware City Police Department hosts a bike-patrol training course for officers at Ohio Wesleyan University.　Appellant has volunteered once or twice a year at the training course for 10 years, enacting various roles in "hands-on" role-playing scenarios with the trainee officers.　Appellant acknowledged that two or three times in his prior experience, trainees made physical contact with him: he was thrown to the ground, his arm was placed behind his back, he was handcuffed, and he was grabbed by the shirt.

{¶3}　On May 13, 2013, appellee Salasek trained with partner Dustin Smith. Salasek is employed by appellee Stark County Park District.　During the "hands-on" training that day, partners worked their way through several different fact scenarios with volunteers.　At each session, an instructor briefly described the plot.　The trainees were instructed to approach the situation "as they would in real life."

{¶4}　Appellees acknowledge trainees were told not to make physical contact with the volunteers except for a designated volunteer wearing a padded "red-man suit." However, trainee Smith testified trainees made physical contact with non-red-man volunteers throughout the day and were instructed it was permissible to make physical contact "as long as you are not going one-hundred percent."

{¶5}   In the session preceding the one at issue here, trainee Smith made physical contact with a volunteer and was not reprimanded for doing so.

{¶6}   In the following session with appellant, Officer Zoller was the instructor in charge.  He advised appellant's role was a "drug user with a weapon."  Zoller testified he "just let the scenario unfold" and permitted appellant and the trainees to "handle it as they saw fit."   The trainees were not instructed not to have physical contact with appellant.

{¶7}   Trainees Salasek and Smith approached appellant on their bikes; Salasek dismounted to speak to appellant and appellant started to walk away.  Salasek chased appellant on foot for about 30 yards although neither was actually running.  Salasek caught up to appellant, grabbed him, and they both fell to the ground.  Witnesses including appellant testified Salasek did not tackle appellant; appellant acknowledged he didn't know how or when contact was made, only that he "hit the ground."

{¶8}   Upon hitting the ground, appellant heard a crunch, felt pain, and was discovered to have a dislocated shoulder.

{¶9}   Appellants Trevor and Meredith Weller filed a complaint against defendant-appellees Salasek and the Stark County Park District alleging Salasek, acting within the scope of his employment with the District, intentionally, with malicious purpose, in willful misconduct, in a wanton or reckless manner, and/or negligently injured appellant Trevor Weller.[1]   Appellant Meredith Weller alleged loss of her husband's services, support, and consortium.  Salasek and the District answered and

---

[1] Appellees asserted a third-party complaint against the City of Delaware arguing they were entitled to indemnity and contribution for any recoverable damages, but the third-party complaint was later dismissed.

asserted the statutory immunity defenses set forth in Chapter 2744 of the Ohio Revised Code. On December 15, 2014, Salasek and the District filed a motion for summary judgment as to all of the appellants' claims. Appellants responded on December 28, 2014 and appellees replied on January 8, 2015.

{¶10} On March 24, 2015, the trial court granted appellees' motion for summary judgment. It is from this judgment appellants now appeal.

{¶11} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶12} "I. THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFFS/APPELLANTS."

## ANALYSIS

{¶13} In his sole assignment of error, appellant argues the trial court erred in granting summary judgment for appellees. We disagree.

{¶14} Motions for summary judgment are determined pursuant to Civ.R. 56(C), which states in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation,

that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶15} The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

{¶16} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher,* supra, 75 Ohio St.3d at 280, 662 N.E.2d 264.

{¶17} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court. *Watson v. Chase Home Fin., L.L.C.,* 5th Dist. Richland No.13 CA 100, 2014–Ohio–4018, ¶ 15, citing *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶18} Appellees asserted governmental immunity pursuant to R.C. Chapter 2744. Determining whether a governmental entity is immune from tort liability involves a three-step analysis. *Elston v. Howland Local Schools,* 113 Ohio St.3d 314, 2007–Ohio–

2070, 865 N.E.2d 845, ¶ 10. First, R.C. 2744.02(A)(1) sets forth the general blanket immunity applicable to political subdivisions and provides a political subdivision is generally not liable in a civil action for injury, death, or loss to person or property incurred while performing governmental or proprietary functions. In this case, there is no dispute that the District is a political subdivision; appellee Salasek is an employee thereof; and the District was involved in a governmental function in the course of the bicycle officer training exercises.

{¶19} We note that although the District is named as an appellee, it is not a party to this appeal. The trial court found the District is immune from liability pursuant to R.C. 2744.02(A)(1) [the broad general grant of immunity for governmental functions] and that appellant failed to establish any of the exceptions to immunity set forth in R.C. 2744.02(B). In this appeal, appellant does not challenge the trial court's judgment as to the District. Appellant's cited issue on appeal is whether Salasek acted recklessly, wantonly, or outside the scope of his employment, and appellant frames the arguments in his brief solely relative to Salasek. Summary judgment in favor of the District is therefore not at issue before us.

{¶20} We therefore turn to the question of Salasek's liability for making contact with appellant, an act appellant asserts is common-law battery. The immunity analysis for employees of political subdivisions is governed by R.C. 2744.03(A)(6). *Wingfield v. Cleveland*, 8th Dist. Cuyahoga No. 100589, 2014-Ohio-2772, ¶ 18, citing *Cramer v. Auglaize Acres,* 113 Ohio St.3d 266, 2007–Ohio–1946, 865 N.E.2d 9. Under that section, an employee is immune from liability unless the employee's acts "were manifestly outside the scope of the employee's employment or official responsibilities;"

or "were with malicious purpose, in bad faith, or [done] in a wanton or reckless manner;" or liability is expressly imposed upon the employee by a section of the Revised Code.

{¶21} In this case, appellant argues Salasek is not immune because 1) he acted in a "wanton or reckless manner;" and 2) his act was manifestly outside the scope of his employment. He concedes Salasek did not act with malicious purpose or in bad faith.

{¶22} We find no arguable question of fact as to whether Salasek acted in a wanton or reckless manner. The R. 56 evidence does not establish Salasek was indifferent with respect to harm that would result from making contact with appellant, nor that he consciously disregarded an obvious risk of harm to appellant that was unreasonable. In *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶¶ 32-34, the Court defined "wanton or reckless" as follows:

> Willful misconduct implies an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposefully doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury. *Tighe v. Diamond,* 149 Ohio St. at 527, 80 N.E.2d 122; *see also Black's Law Dictionary* 1630 (8th Ed.2004) (describing willful conduct as the voluntary or intentional violation or disregard of a known legal duty).
>
> Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result. *Hawkins,* 50 Ohio St.2d at 117–118, 363 N.E.2d 367; *see also Black's Law Dictionary*

1613–1614 (8th Ed.2004) (explaining that one acting in a wanton manner is aware of the risk of the conduct but is not trying to avoid it and is indifferent to whether harm results).

Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. *Thompson,* 53 Ohio St.3d at 104–105, 559 N.E.2d 705, adopting 2 Restatement of the Law 2d, Torts, Section 500, at 587 (1965); *see also Black's Law Dictionary* 1298–1299 (8th Ed.2004) (explaining that reckless conduct is characterized by a substantial and unjustifiable risk of harm to others and a conscious disregard of or indifference to the *risk,* but the actor does not desire harm).

In the instant case, appellant asserts the determination of "wanton or reckless" is usually a jury question. He argues the risk of harm was evident because trainees were instructed not to touch volunteers unless they wore the "red-man suit." He equates Salasek's failure to comply with this directive with the type of violation of a departmental policy which *Anderson* noted may be relevant in determining culpability. Id. at ¶ 37 ["* * * [I]t is well established that the violation of a * * * departmental policy enacted for the safety of the public is not per se willful, wanton, or reckless conduct, but may be relevant to determining the culpability of a course of conduct."].

{¶23} Appellant fails to note *Anderson's* further comment on policy violation, however: "* * * [W]ithout evidence of an accompanying knowledge that the violations

'will in all probability result in injury,' evidence that policies have been violated **demonstrates negligence at best**." Id. at ¶ 38, emphasis added, citing *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505 at ¶ 92. The evidence does not establish Salasek knew contact with appellant would in all probability result in injury. Harmless contact with non-red-suit volunteers was customary, although not actively encouraged. Thus we reach the crux of the instant case: Salasek's conduct is negligent at worst, which does not rise to the level of creating a question of fact for the jury.

{¶24} In this case, the trial court found "general instructions permitted tagging the individual during the scenario;" moreover, grabbing appellant in the manner described "was not a substantial risk to the safety of [appellant] that it was likely to result in injury." There is no evidence Salasek was aware his conduct posed a high risk of injury, an omission which other courts have found to be definitive in applying *Anderson*:

> In a case that involved R.C. 2744.03(A)(6) and applied *Anderson,* [the Second District Court of Appeals] stated: "'Recklessness is a perverse disregard of a known risk. Recklessness, therefore, necessarily requires something more than mere negligence. The actor must be conscious that his conduct will in all probability result in injury.'" *Granato v. Davis,* 2d Dist. Montgomery No. 26171, 2014–Ohio–5572, ¶ 22, [citation omitted]. In another case, *Seege v. Smith,* 2d Dist. Montgomery No. 26210, 2014–Ohio–5450, which also involved R.C. 2744.03(A)(6) and applied *Anderson,* this court recognized that the determination of

recklessness typically is within the province of the jury, **but that summary judgment remains appropriate where a defendant's conduct fails to demonstrate a disposition to perversity**. (Citations omitted). *Id.* at ¶ 35, 983 N.E.2d 266; *see also Ellis v. Greater Cleveland R.T.A.,* 2014–Ohio–5549, 25 N.E.3d 503 (8th Dist.), ¶ 29 ("We recognize that the determination of recklessness is typically within the province of the jury. However, the standard for showing recklessness is high and, given the facts of this case, we are unable to conclude that [the tortfeasor's] conduct demonstrated a disposition to perversity. Accordingly, we find that the evidence does not support a claim of recklessness [.]").

*Webber v. Lazar*, 2nd Dist. Montgomery No. Nos. 26188 and 26463, 2015-Ohio-1942, ¶ 13 (emphasis added).

{¶25} And finally, *Anderson's* definition of recklessness requires an actor to be aware that his conduct involves a high probability of resulting injury. Id. at ¶ 16, citing *Anderson* at ¶ 38 and *Granato* at ¶ 22.  In the instant case, Salasek's conduct does not demonstrate the "perversity of disposition" that would make the issue of recklessness a jury question.

{¶26} We turn then to the issue of whether Salasek acted outside the scope of his employment, thereby eliminating immunity.  Appellant summarily argues Salasek acted outside the scope of his employment by grabbing him, citing our decision in *Zieber v. Heffelfinger*, 5th Dist. Richland No. 08CA0042, 2009-Ohio-1227. In that case, we found an auditor's employee was outside the scope of her employment when she

grabbed another employee by the wrist. We noted the "scope of employment" question turns upon whether the act may be described as an "independent self-serving act[]" which in no way facilitates or promotes the business of the employer. *Id.* at ¶ 52. *Zieber* is inapposite to the instant case. Grabbing someone's wrist is not an auditor's function but apprehending a play-acting suspect is a function of a bicycle officer's training course. Salasek's "apprehension" of appellant is within the scope of his employment.

{¶27} We conclude appellees demonstrated there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Appellee Salasek's actions were neither wanton nor reckless, and his act was manifestly within the scope of his employment. Appellant's sole assignment of error is thus overruled.

## CONCLUSION

{¶28} Appellant's sole assignment of error is overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.